Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR  97201
(503) 224-3092

William K. Pao (*pro hac vice*)
wpao@omm.com
Meg K. Lippincott (*pro hac vice*)
mlippincott@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA  90071
(213) 430-6000

Daniel L. Cantor (*pro hac vice*)
dcantor@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
(212) 326-2000

*Attorneys for Defendant Canaan Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PHILIPPE LEMIEUX, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-00356-MO |
| Plaintiff, | |
| v. | **DEFENDANT CANAAN INC.'S REPLY MEMORANDUM IN SUPPORT OF CANAAN INC.'s MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)** |
| CANAAN INC., NANGENG ZHANG, JIAXUAAN LI, JIANPING KONG, QQIFENG SUN, QUANFU HONG, CITIGROUP GLOBAL MARKETS INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, CMB | **ORAL ARGUMENT REQUESTED** |
| (*caption continued next page*) | |

INTERNATIONAL CAPITAL LIMITED,
GALAXY DIGITAL ADVISORS LLC,
HUATAI FINANCIAL HOLDINGS (HONG
KONG) LIMITED, TIGER BROKERS (NZ)
LIMITED, HAITONG INTERNATIONAL
SECURITIES COMPANY LIMITED, and
VIEWTRADE SECURITIES, INC.,

    Defendants.

Defendant Canaan Inc. ("Canaan"), by and through its undersigned attorneys, respectfully submits this Reply Memorandum in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) in response to Plaintiff's Opposition to Defendant Canaan Inc.'s Motion to Transfer Venue, ECF Dkt. No. 21 (filed June 11, 2020) ("Opp." or "Opposition").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition has laid bare what the Complaint sought to camouflage—this case has no connection to Oregon. And it never did. In opposing transfer, Plaintiffs have only confirmed that Oregon is not the appropriate forum for resolving this case by revealing the absence of *any* contacts with Oregon. Plaintiffs' counsel discloses for the first time that the Named Plaintiff, Philippe Lemieux, does not in fact reside in Oregon as initially reported on the Civil Cover Sheet—a telling detail they try to brush aside in a footnote. (Opp. at 2 n.2.) As it turns out, the Named Plaintiff does not even reside in the United States, but in Canada. *Id.*

Transfer of this case to the Southern District of New York ("SDNY") would result in greater convenience to the parties and witnesses, as well as advance the interest of justice. There can be no dispute that SDNY is the U.S. jurisdiction with the most interest in this case, which challenges Canaan's IPO on the Nasdaq Global Market—a deal negotiated in New York, handled by New York underwriters, and governed by agreements designating New York as the forum for resolution of disputes. Although Plaintiffs quibble about flight times, they do not dispute that the

Page 1 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

SDNY is a more convenient forum for nearly all the potential witnesses and parties, the vast majority of whom reside in New York or Asia. By contrast, Oregon has no meaningful connection to this case and would be less convenient for the parties and almost every potential witness.

The Opposition also avoids discussing this case's complete disconnect from Oregon, other than to vaguely speculate that perhaps some of Canaan's shareholders could theoretically reside in Oregon. That is not enough. Although the Opposition demands deference to Plaintiffs' "choice," not even the newly appointed Lead Plaintiffs—also non-Oregon residents—address why they wish to litigate in Oregon, much less attempt to justify their purported choice. This much is clear: Plaintiffs—or their counsel—selected an inconvenient forum for reasons they never explain while bypassing a more convenient forum that would serve the interest of justice. This Court should grant transfer to the SDNY to prevent Plaintiffs from dragging Canaan into an inconvenient forum, and this Court into a dispute with no alleged connection to Oregon, without any rationale.

## ARGUMENT

28 U.S.C § 1404(a) was enacted to facilitate the easy transfer of cases brought in inconvenient forums. *See Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964) (28 U.S.C § 1404(a) "should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms"); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) ("The statute was designed as a federal housekeeping measure, allowing easy change of venue within a unified federal system."). Here, the SDNY is undoubtedly the most convenient district for adjudication of this case and, thus, transfer is warranted.

Because Plaintiffs concede that this case could have been brought in the SDNY, Opp. at 2, the only issue before the Court is whether the convenience of the parties and interest of justice

Page 2 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

favor transfer.  28 U.S.C. § 1404(a).  As the Opposition confirms, the relevant Ninth Circuit factors for assessing the convenience of the parties and the interest of justice strongly weigh in favor of transferring this action to the SDNY.

### 1.  *Local Interest in the Controversy*

New York is the U.S. jurisdiction with the most interest in this controversy.  Canaan's IPO took place on a New York-based exchange with the assistance of a lead New York-based underwriter and a New York-based depositary.  (Underwriting Agreement at 42; Deposit Agreement at 1.)  The Underwriting Agreement was negotiated in New York.  The negotiation of the IPO pricing took place in New York.  And the Underwriting Agreement and the Deposit Agreement are governed by New York law and contemplate the resolution of any disputes in New York.  (Underwriting Agreement at 20, 37-38; Deposit Agreement at Sections 7.6, 7.9.)

By contrast, this case has never had any connection to Oregon.  While the Complaint initially portrayed the Named Plaintiff as an Oregon resident, Plaintiffs' counsel was forced to recant that assertion in the Opposition, revealing that neither the Named Plaintiff nor Lead Plaintiffs have any connection to Oregon.  The Opposition instead argues that Oregon has a local interest in this controversy because Oregon residents generally participate in the Nasdaq Global Market.  (Opp. at 3-4.)  But the Opposition makes no showing that any Oregon resident actually owns Canaan stock.  Any argument about a potential connection to Oregon is therefore entirely speculative.

In any event, the Opposition concedes that protecting the integrity of the stock market is not a local interest but a national one.  (Opp. at 4.)  While the Securities Act provides for venue in a variety of district courts for Securities Act claims against foreign defendants, 15 U.S.C. § 77v(a), this does not mean that the courts should disregard contacts with the forum in the context of

Page 3 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

deciding a motion to transfer. *See, e.g., Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1244 (S.D. Cal. 2013) ("[A] plaintiff must demonstrate that the parties' contacts with the forum show a specific connection to the chosen district. The absence of a specific connection favors transfer.") (citations omitted); *SG Servs., Inc. v. God's Girls, LLC*, No. 05-1526-KI, 2006 WL 294793, at *2 (D. Or. Feb. 6, 2006) (granting transfer where there were "very few contacts in Oregon relating to the causes of action"). Indeed, 28 U.S.C § 1404(a) was designed precisely for this circumstance—to "counteract the inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court." *Barrack*, 376 U.S. at 635.

Here, unlike Plaintiffs' would-be connection to Oregon, the SDNY's interest in this case is not based just on the potential existence of Canaan shareholders in New York; it reflects the fact that relevant events took place in New York. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 762 (C.D. Cal. 2016) (granting transfer where "the great majority of the operative facts" occurred in another district). Given that New York is the forum with the greatest local interest in this controversy, this factor weighs heavily in favor of transfer.

  2. *Location Where Relevant Agreements Were Negotiated*

Plaintiffs do not dispute that the operative agreements were negotiated in New York or that they contemplate applying New York law to resolve any disputes, arguing instead that those agreements are not "the subject" of this lawsuit. (Opp. at 4-5.) But just because Plaintiffs do not allege false statements in the Underwriting Agreement and Deposit Agreement does not mean that these operative agreements will not be relevant to some issues in the case. And even the "possibility that resolution of [a plaintiff's] claims will require application of [the transferee district's law]" weighs in favor of transfer. *Rubio*, 181 F. Supp. 3d at 765. Ultimately, the fact that these agreements were negotiated in New York and provide for resolution of disputes in New

Page 4 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

York indisputably establishes further contacts with New York. These contacts are significant in determining the appropriate forum for this dispute, given that neither Plaintiffs' nor Canaan's residence is a viable forum. *Miskam v. Dollar Tree Stores*, No. 15CV1523-CPC(JLB), 2015 WL 5559863, at *3 (S.D. Cal. Sept. 21, 2015) ("there is a greater public interest in adjudicating Plaintiff's case in the [district where] . . . the events took place").

### 3. *Convenience of the Witnesses*

Plaintiffs do not contest that the SDNY would be a more convenient forum for potential witnesses. Instead, the Opposition contends the Court should disregard this factor favoring transfer because: (1) Canaan did not provide affidavits for why Oregon would present a hardship to potential witnesses; (2) travel from Asia to Oregon would take only "marginally more time" than travel from Asia to New York; and (3) New York City has been hard hit by the COVID-19 pandemic. (Opp. at 5.) These arguments only signal that Plaintiffs have no substantive basis to dispute that this case should be transferred to the SDNY for the convenience of witnesses.

First, affidavits are of course unnecessary to reach the self-evident conclusion that New York is easier to get to from China than Oregon for the mostly Asia-based potential witnesses in this case. The Ninth Circuit "does not explicitly require affidavits or declarations for this showing." *Rubio*, 181 F. Supp. 3d at 764. Further, Canaan provided detailed descriptions of the potential witnesses in this case. Canaan's employees, the Individual Defendants, the Underwriter Defendants, the attorneys involved in the IPO, Canaan's auditor and research firm, the alleged related party, several distributors, and China-based customers all may be asked to provide testimony related to the alleged misrepresentations in the Registration Statement, and are all based in Asia. It is also "common sense" that for the two Underwriter Defendants and their attorneys based in New York, New York would be a more convenient forum. *Partney Const., Inc. v. Ducks*

Page 5 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

*Unlimited, Inc.*, No. 08-574-SU, 2008 WL 4838849, at *4 (D. Or. Nov. 3, 2008). The Opposition does not provide any reason to doubt the unquestionable convenience of the SDNY for the potential witnesses, nor does it identify a single potential witness for whom Oregon would be a more convenient forum.

Second, despite Plaintiffs' attempt to minimize the burdens of international travel, the convenience of witnesses is generally the most important factor in the Ninth Circuit schema. *Partney*, 2008 WL 4838849 at *3 ("Convenience of witnesses is often the most important factor in determining whether or not to transfer a given case."); *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) ("The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience.") (citation omitted); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer.") (citation omitted). Further, the severity of the inconvenience does not change the analysis—a transferee district that reduces travel time for the witnesses is on its face a more convenient venue. *See United States v. Daewoo Indus. Co.*, 591 F. Supp. 157, 164 (D. Or. 1984) (granting transfer where it "may serve to reduce travel time and make trial days more flexible"); *Pavao*, 934 F. Supp. 2d at 1245 (granting transfer where "none of the witnesses or documentary evidence are located here" and "[a]t least some potential witnesses with relevant knowledge may reside in the [transferee district]"); *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 316 (E.D. Va. 2013) (granting transfer and noting that "significantly," defendants' "foreign headquarters are in Asia which is substantially more convenient to the [transferee district] by

Page 6 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

reason both of distance and available air travel").  Plaintiffs have not identified any potential witnesses who will not face significantly more travel time if this case is litigated in Oregon.

Third, Oregon is itself in the thick of the COVID-19 pandemic.  Multnomah County, where this Court is located, has seen a recent spike in cases[1] and only began Phase 1 reopening plans as of last Friday, June 19, 2020,[2] while New York City has already entered Phase 2 of reopening.[3] International travel, particularly from China to the U.S., will be difficult for any potential witnesses and, with the pandemic still unchecked, the risk of contracting the virus will only be compounded if they have to navigate connecting flights, rather than fly nonstop.

### 4. *Convenience of the Parties*

Plaintiffs do not—and cannot—dispute that the SDNY is clearly a more convenient forum for the parties, who are a subset of the potential witnesses in this case and are also largely based in Asia and, to a lesser extent, New York.  To appear in Oregon, the parties have had to retain local counsel, which they would not need to do in the SDNY, where Lead Counsel and Canaan's counsel both have offices and are admitted to practice.  *See Miracle Blade, LLC. v. Ebrands Commerce Grp., LLC.*, 207 F. Supp. 2d 1136, 1157 (D. Nev. 2002) (finding the fact that "the parties had to retain local counsel to practice before this court" weighed in favor of transfer as part of the analysis of the parties' convenience).  In their Opposition, Plaintiffs try to downplay this factor, suggesting that the convenience to defendants should be afforded minimal weight and that the convenience to the parties is minimal.  (Opp. at 6.)  But Plaintiffs' critiques miss the mark.  The Ninth Circuit has

---

[1] Celina Tebor, *Oregon reports 190 new coronavirus cases, 1 new death; Multnomah County reports record new infections*, available at: https://www.oregonlive.com/coronavirus/2020/06/oregon-reports-190-new-coronavirus-cases-1-new-death-multnomah-county-reports-record-new-cases.html (June 21, 2020)

[2] Multnomah County, *Reopening Multnomah County amid COVID-19*, available at https://multco.us/novel-coronavirus-covid-19/reopening-multnomah-county-amid-covid-19 (June 19, 2020).

[3] Governor's Press Office, *Governor Cuomo Announces New York City Cleared by Global Public Health Experts to Begin Phase Two of Reopening Monday*, available at: https://www.governor.ny.gov/news/governor-cuomo-announces-new-york-city-cleared-global-public-health-experts-begin-phase-two (June 19, 2020).

Page 7 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

found the convenience of the parties to be a relevant factor in determining whether to grant a motion to transfer, and Plaintiffs cannot contest that this factor weighs in favor of transfer.

## 5. Familiarity of Each Forum with the Applicable Law

There is no dispute that this Court is qualified to hear this case. It is likewise undeniable that the SDNY has special expertise in handling putative securities class actions—and, in particular, securities class actions against Chinese companies. In their Opposition, Plaintiffs cite competing statistics to try to argue that the Ninth Circuit has handled nearly as many putative securities class actions as the Second Circuit. (Opp. at 7-8.) But there can be no question that the SDNY routinely handles more such cases than the District of Oregon. Indeed, out of 83 securities class actions brought in federal courts against non-U.S. issuers in 2019, 59 were initially filed in the Second Circuit, with 41 of those filed in the SDNY—more than eight times the number of cases filed in the Ninth Circuit **combined**.[4]  And while it may be too soon to know for certain whether questions of New York law will arise under any of the agreements governing the IPO in the course of this litigation, there will certainly be no questions of Oregon law. Thus, the SDNY's expertise in securities class actions and familiarity with New York law weighs in favor of transfer.

## 6. Relative Court Congestion

The most recent statistics support the conclusion that the SDNY would promote the more efficient litigation of this case. The Opposition relies on older data to suggest that this case might reach trial just as quickly in Oregon as in the SDNY, but this is unpersuasive. (Opp. at 8.)  By every current metric—time to trial (31.1 months versus 34.9 months), time to resolution (6.5 months versus 11.7 months), and number of civil filings per judgeship (442 versus 545)—the

---

[4] David Kistenbroker, Joni S. Jacobsen, and Angela M. Liu, *Non-U.S. Issuers Targeted in Securities Class Action Lawsuits Filed in the United States*, https://corpgov.law.harvard.edu/2020/03/29/non-u-s-issuers-targeted-in-securities-class-action-lawsuits-filed-in-the-united-states/ (Mar. 29, 2020).

Page 8 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

SDNY will likely provide more efficient resolution of this case.[5]  *See Cantley v. Radiancy, Inc.*, No. 115CV01649LJOJLT, 2016 WL 4191889, at *6 (E.D. Cal. Aug. 8, 2016) (finding a 0.2 month difference in the time between filing and disposition "weigh[ed] slightly in favor of a change in venue"); *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1082 (S.D. Cal. 2011) (considering "civil filings per judgeship" in determining relative court congestion).

### 7.  *Ease of Access to Evidence*

The parties are in agreement that this factor is neutral, because the majority of documents will be produced electronically.  There are still likely to be some documents in the possession of the depositary or lead underwriter in New York, which weighs slightly in favor of transfer.  But it is undisputed that the ease of access to evidence is given minimal weight in modern times.  *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) ("ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations").

### 8.  *Plaintiffs' Choice of Forum*

Plaintiffs' assertion that the most substantial factor in this analysis should be Plaintiffs' choice of forum ignores both the law and the facts.  Foremost, Plaintiffs do not deny that evidence of forum-shopping weighs ***in favor*** of a transfer.  (Mot. at 18.)  And, here, Plaintiffs' conclusory denial notwithstanding, there is no question that Plaintiffs—or their counsel—are forum-shopping. (Opp. at 9.)  Filing a case where Plaintiffs do not reside, where there are no substantial factual connections, and when Plaintiffs purport to represent a nationwide class, are just as blatant indicia of forum-shopping as repeat filing.  That is why the case law has developed to reduce the weight given to Plaintiffs' choice of forum in these circumstances.  Tellingly, Plaintiffs do not attempt to

---

[5] Federal Court Management Statistics, *December 2019 Report*, available at: https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2019.

offer any justification for why they chose to file the case in this district and do not even claim to have ever set foot in Oregon. Given the significant warning signs of forum-shopping present in Plaintiffs' filings, Plaintiffs' choice of forum should be, at the least, disregarded in considering Canaan's motion. *Ward v. Lime Fin. Servs., Ltd*, No. CV.08-840-AC, 2009 WL 10692461, at *4 (D. Or. Jan. 15, 2009) (finding that this factor weighed "strongly in favor of transfer" where there was evidence of forum-shopping).

Finally, Plaintiffs do not even address that Plaintiffs' "choice" is given much less deference, where, as here, (i) Plaintiffs do not reside in the forum, (ii) the conduct giving rise to the claims occurred in a different forum, and (iii) Plaintiffs purport to sue on behalf of a putative class. (*See* Mot. at 18-19.) Indeed, based on the record, there is no basis whatsoever for concluding that Oregon is indeed Plaintiffs' choice—as opposed to the choice of their counsel. After all, Plaintiffs now concede that Oregon is not the residence of either the Named Plaintiff or the Lead Plaintiffs, and even for Lead Plaintiffs, Oregon will most likely be a less convenient forum than the SDNY. Further, as detailed above and in Canaan's motion, the only U.S. jurisdiction with a substantive factual connection to this case is the SDNY. Because none of the operative facts occurred in Oregon, Plaintiffs' choice of forum "is entitled only minimal consideration." *Doe v. Corp. of The Ass'n of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints*, No. 08-CV-371-SU, 2009 WL 2132722, at *2 (D. Or. July 10, 2009) (citations omitted); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). And because Plaintiffs seek to bring a putative class action, the Court should give this factor "reduced weight" to "guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Hawkins*, 924 F. Supp. 2d at 1214–15.[6]

---

[6] Plaintiffs misleadingly cite *Rafton v. Rydex Series Funds* for the proposition that a plaintiff's choice of forum should be entitled to substantial weight in a securities class action. *Rafton v. Rydex Series Funds*, No. C 10-1171

Page 10 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

## **CONCLUSION**

As the Opposition makes clear, there was never any connection between this case and this forum.  Plaintiffs' counsel filed this case in a district with no connections to the parties, potential witnesses, or operative facts and cannot provide any justification for keeping it here.  The SDNY is plainly a more convenient and just forum for the resolution of this dispute.  Accordingly, Canaan respectfully requests that the Court grant Defendants' Motion to Transfer.

Dated: June 25, 2020

CABLE HUSTON LLP

*/s/* Jon W. Monson

Jon W. Monson, OSB No. 102650
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
503-224-3092
jmonson@cablehuston.com

Of Counsel:
O'MELVENY & MYERS LLP
William K. Pao (*pro hac vice*)
Meg K. Lippincott (*pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA  90071-2899
(213) 430-6000
wpao@omm.com
mlippincott@omm.com

Daniel L. Cantor (*pro hac vice*)
7 Times Square
New York, NY  10036
(212) 326-2000
dcantor@omm.com

*Attorneys for Defendant Canaan Inc.*

---

CRB, 2010 WL 2629579, at *4 (N.D. Cal. June 29, 2010).  This case is inapposite because there the plaintiff was a resident of the forum in which the action was filed, which is plainly not the case here.

Page 11 – REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE