# EXHIBIT C

Conforming Version (To Conform to Release Published in the Federal Register)

**SECURITIES AND EXCHANGE COMMISSION**

**17 CFR PARTS 228, 229, 232, 239, 240, 245, 249 AND 274**

**[RELEASE NOS.  33-8732A; 34-54302A; IC-27444A; FILE NO. S7-03-06]**

**RIN 3235-AI80**

**EXECUTIVE COMPENSATION AND RELATED PERSON DISCLOSURE**

**AGENCY:**  Securities and Exchange Commission.

**ACTION:**  Final rule.

**SUMMARY:**  The Securities and Exchange Commission is adopting amendments to the disclosure requirements for executive and director compensation, related person transactions, director independence and other corporate governance matters and security ownership of officers and directors.  These amendments apply to disclosure in proxy and information statements, periodic reports, current reports and other filings under the Securities Exchange Act of 1934 and to registration statements under the Exchange Act and the Securities Act of 1933.  We are also adopting a requirement that disclosure under the amended items generally be provided in plain English.  The amendments are intended to make proxy and information statements, reports and registration statements easier to understand.  They are also intended to provide investors with a clearer and more complete picture of the compensation earned by a company's principal executive officer, principal financial officer and highest paid executive officers and members of its board of directors.  In addition, they are intended to provide better information about key financial relationships among companies and their executive officers, directors, significant shareholders and their respective immediate family members.  In Release No. 33-8735, published elsewhere in the proposed rules section of this issue of the Federal Register,

we also request additional comments regarding the proposal to require compensation disclosure for three additional highly compensated employees.

**DATES:**  Effective Date:  November 7, 2006.

Comment Date:  Comments regarding the request for comment in Section II.C.3.b. of this document should be received on or before October 23, 2006.

Compliance Dates:  Companies must comply with these disclosure requirements in Forms 8-K for triggering events that occur on or after November 7, 2006 and in Forms 10-K and 10-KSB for fiscal years ending on or after December 15, 2006.  Companies other than registered investment companies must comply with these disclosure requirements in Securities Act registration statements and Exchange Act registration statements (including pre-effective and post-effective amendments), and in any proxy or information statements filed on or after December 15, 2006 that are required to include Item 402 and 404 disclosure for fiscal years ending on or after December 15, 2006. Registered investment companies must comply with these disclosure requirements in initial registration statements and post-effective amendments that are annual updates to effective registration statements on Forms N-1A, N-2 (except those filed by business development companies) and N-3, and in any new proxy or information statements, filed with the Commission on or after December 15, 2006.

**ADDRESSES:**  Comments may be submitted by any of the following methods:

2

Electronic Comments:

- Use the Commission's Internet comment form
  (http://www.sec.gov/rules/final.shtml): or

- Send an e-mail to rule-comments@sec.gov.  Please include File Number S7-03-
  06 on the subject line; or

- Use the Federal Rulemaking Portal (http://www.regulations.gov).  Follow the
  instructions for submitting comments.

Paper Comments:

- Send paper comments in triplicate to Nancy M. Morris, Secretary, Securities and
  Exchange Commission, 100 F Street, NE, Washington DC 20549-1090.

All submissions should refer to File Number S7-03-06.  This file number should be
included on the subject line if e-mail is used.  To help us process and review your
comments more efficiently, please use only one method.  The Commission will post all
comments on the Commission's Internet Web site (http://www.sec.gov/rules/final/shtml).
Comments are also available for public inspection and copying in the Commission's
Public Reference Room, 100 F Street, NE, Washington, DC, 20549.  All comments
received will be posted without change; we do not edit personal identifying information
from submissions.  You should submit only information that you wish to make publicly
available.

**FOR FURTHER INFORMATION CONTACT:**  Anne Krauskopf, Carolyn Sherman,
or Daniel Greenspan, at (202) 551-3500, in the Division of Corporation Finance, U.S.
Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549-3010 or,

with respect to questions regarding investment companies, Kieran Brown in the Division of Investment Management, at (202) 551-6784.

**SUPPLEMENTARY INFORMATION:**  We are amending:  Items 201,[1] 306,[2] 401,[3] 402,[4] 403[5] and 404[6] of Regulations S-K[7] and S-B,[8] Item 601[9] of Regulation S-K, Item 1107[10] of Regulation AB,[11] Item 304[12] of Regulation S-T,[13] and Rule 100[14] of Regulation BTR.[15]  We are also adding new Item 407 to Regulations S-K and S-B.  In addition, we are amending Rules 13a-11,[16] 14a-3,[17] 14a-6,[18] 14c-5,[19] 15d-11[20] and 16b-3[21] under the Securities Exchange Act of 1934.[22]  We are adding Rules 13a-20 and 15d-

---

[1]    17 CFR 229.201 and 17 CFR 228.201.

[2]    17 CFR 229.306 and 17 CFR 228.306.

[3]    17 CFR 229.401 and 17 CFR 228.401.

[4]    17 CFR 229.402 and 17 CFR 228.402.

[5]    17 CFR 229.403 and 17 CFR 228.403.

[6]    17 CFR 229.404 and 17 CFR 228.404.

[7]    17 CFR 229.10 et seq.

[8]    17 CFR 228.10 et seq.

[9]    17 CFR 229.601.

[10]    17 CFR 229.1107.

[11]    17 CFR 229.1100 et seq.

[12]    17 CFR 232.304.

[13]    17 CFR 232.10 et seq.

[14]    17 CFR 245.100.

[15]    17 CFR 245.100 et seq.

[16]    17 CFR 240.13a-11.

[17]    17 CFR 240.14a-3.

[18]    17 CFR 240.14a-6.

[19]    17 CFR 240.14c-5.

[20]    17 CFR 240.15d-11.

[21]    17 CFR 240.16b-3.

[22]    15 U.S.C. 78a et seq.

20 under the Exchange Act.  We are further amending Schedule 14A[23] under the Exchange Act, as well as Exchange Act Forms 8-K,[24] 10,[25] 10SB,[26] 10-Q,[27] 10-QSB,[28] 10-K,[29] 10-KSB[30] and 20-F.[31]  Finally, we are amending Forms SB-2,[32] S-1,[33] S-3,[34] S-4[35] and S-11[36] under the Securities Act of 1933,[37] Forms N-1A,[38] N-2,[39] and N-3[40] under the Securities Act and the Investment Company Act of 1940,[41] and Form N-CSR[42] under the Investment Company Act and the Exchange Act.

---

[23]     17 CFR 240.14a-101.

[24]     17 CFR 249.308.

[25]     17 CFR 249.210.

[26]     17 CFR 249.210b.

[27]     17 CFR 249.308a.

[28]     17 CFR 249.308b.

[29]     17 CFR 249.310.

[30]     17 CFR 249.310b.

[31]     17 CFR 249.220f.

[32]     17 CFR 239.10.

[33]     17 CFR 239.11.

[34]     17 CFR 239.13.

[35]     17 CFR 239.25.

[36]     17 CFR 239.18.

[37]     15 U.S.C. 77a et seq.

[38]     17 CFR 239.15A and 274.11A.

[39]     17 CFR 239.14 and 274.11a-1.

[40]     17 CFR 239.17a and 274.11b.

[41]     15 U.S.C. 80a-1 et seq.

[42]     17 CFR 249.331 and 274.128.

Table of Contents

I.   Background and Overview

II.  Executive and Director Compensation Disclosure

     A.   Options Disclosure
          1.   Background
          2.   Required Option Disclosures
               a.   Tabular Disclosures
               b.   Compensation Discussion and Analysis
                    i.   Timing of Option Grants
                    ii.  Determination of Exercise Price
     B.   Compensation Discussion and Analysis
          1.   Intent and Operation of the Compensation Discussion
               and Analysis
          2.   Instructions to Compensation Discussion and Analysis
          3.   "Filed" Status of Compensation Discussion and Analysis
               and the "Furnished" Compensation Committee Report
          4.   Retention of the Performance Graph
     C.   Compensation Tables
          1.   Compensation to Named Executive Officers in the Last Three
               Completed Fiscal Years -- The Summary Compensation Table and
               Related Disclosure
               a.   Total Compensation Column
               b.   Salary and Bonus Columns
               c.   Plan-Based Awards
                    i.   Stock Awards and Option Awards Columns
                    ii.  Non-Equity Incentive Plan Compensation Column
               d.   Change in Pension Value and Nonqualified Deferred
                    Compensation Earnings Column
                    i.   Earnings on Deferred Compensation
                    ii.  Increase in Pension Value
               e.   All Other Compensation Column
                    i.   Perquisites and Other Personal Benefits
                    ii.  Additional All Other Compensation Column Items
               f.   Captions and Table Layout
          2.   Supplemental Grants of Plan-Based Awards Table
          3.   Narrative Disclosure to Summary Compensation Table and Grants
               of Plan-Based Awards Table
               a.   Narrative Description of Additional Material Factors
               b.   Request for Additional Comment on Compensation
                    Disclosure for up to Three Additional Employees

             4.        Exercises and Holdings of Previously Awarded Equity
                    a.      Outstanding Equity Awards at Fiscal Year-End Table
                    b.      Option Exercises and Stock Vested Table
             5.        Post-Employment Compensation
                    a.      Pension Benefits Table
                    b.      Nonqualified Deferred Compensation Table
                    c.      Other Potential Post-Employment Payments
             6.        Officers Covered
                    a.      Named Executive Officers
                    b.      Identification of Most Highly Compensated Executive Officers; Dollar Threshold for Disclosure
             7.        Interplay of Items 402 and 404
              8.        Other Changes
             9.        Compensation of Directors
      D.      Treatment of Specific Types of Issuers
             1.        Small Business Issuers
              2.        Foreign Private Issuers
              3.        Business Development Companies
      E.      Conforming Amendments

III.     Revisions to Form 8-K and the Periodic Report Exhibit Requirements

      A.      Items 1.01 and 5.02 of Form 8-K
             1.        Item 1.01- Entry into a Material Definitive Agreement
             2.        Item 5.02 - Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers
      B.      Extension of Limited Safe Harbor under Section 10(b) and Rule 10b-5 to Item 5.02(e) of Form 8-K and Exclusion of Item 5.02(e) from Form S-3 Eligibility Requirements
      C.      General Instruction D to Form 8-K
      D.      Foreign Private Issuers

IV.     Beneficial Ownership Disclosure

V.      Certain Relationships and Related Transactions Disclosure

      A.      Transactions with Related Persons
             1.        Broad Principle for Disclosure
                    a.      Indebtedness
                    b.      Definitions
              2.        Disclosure Requirements
              3.        Exceptions
      B.      Procedures for Approval of Related Person Transactions
      C.      Promoters and Control Persons
      D.      Corporate Governance Disclosure

7

E.        Treatment of Specific Types of Issuers
        1.        Small Business Issuers
        2.        Foreign Private Issuers
        3.        Registered Investment Companies
F.        Conforming Amendments
        1.        Regulation Blackout Trading Restriction
        2.        Rule 16b-3 Non-Employee Director Definition
        3.        Other Conforming Amendments

VI.        Plain English Disclosure

VII.        Transition

VIII.        Paperwork Reduction Act

A.        Background
B.        Summary of Information Collections
C.        Summary of Comment Letters and Revisions to Proposals
D.        Revisions to Paperwork Reduction Act Burden Estimates
        1.        Securities Act Registration Statements, Exchange Act Registration Statements, Exchange Act Annual Reports, Proxy Statements and Information Statements
        2.        Exchange Act Current Reports

IX.        Cost-Benefit Analysis

A.        Background
B.        Summary of Amendments
C.        Benefits
D.        Costs

X.        Consideration of Burden on Competition and Promotion of Efficiency, Competition and Capital Formation

XI.        Final Regulatory Flexibility Act Analysis

A.        Need for the Rules and Amendments
B.        Significant Issues Raised by Public Comment
C.        Small Entities Subject to the Rules and Amendments
D.        Reporting, Recordkeeping and Other Compliance Requirements
E.        Agency Action to Minimize Effect on Small Entities

XII.        Statutory Authority and Text of the Amendments

change of control currently required to be disclosed.[404]  The amendments also specifically require disclosure of beneficial ownership of directors' qualifying shares, which was not required prior to these amendments, because we believe the beneficial ownership disclosure should include a complete tally of the securities beneficially owned by directors.

One commenter recommended that we expand this section to also require disclosure of hedging arrangements whereby the executive has altered his or her economic interest in the securities that he or she beneficially owns.[405]  These transactions frequently involve the purchase or sale of a derivative security that the named executive officer would be required to report within two business days under Section 16(a) of the Exchange Act.[406]  Because information concerning these transactions frequently would be available on a prompt basis in the Section 16(a) filings and companies would disclose their policies regarding these transactions in Compensation Discussion and Analysis,[407] we have not followed the commenter's recommendation.

## V.    Certain Relationships and Related Transactions Disclosure

As we explained in the Proposing Release, we believe that, in addition to disclosure regarding executive compensation, a materially complete picture of financial relationships with a company involves disclosure regarding related party transactions. Therefore, we are also adopting significant revisions to Item 404 of Regulation S-K, previously titled "Certain Relationships and Related Transactions."  In 1982, various

---

[404]    Item 403(c) of Regulation S-K.  See also Items 6 and 7(3) of Schedule 13D [17 CFR 240.13d-101].

[405]    See letter from ABA.

[406]    15 U.S.C. 78p(a).

[407]    See Item 402(b)(2)(xiii) of Regulation S-K, discussed in Section II.B.1., above.

provisions that had been adopted in a piecemeal fashion and had been subject to frequent amendment were consolidated into Item 404 of Regulation S-K.[408]  Today we are amending Item 404 of Regulation S-K and S-B to streamline and modernize this disclosure requirement, while making it more principles-based.  Although the amendments significantly modify this disclosure requirement, its purpose - to elicit disclosure regarding transactions and relationships, including indebtedness, involving the company and related persons and the independence of directors and nominees for director and the interests of management - remains unchanged.

As discussed in greater detail below, the amendments have four parts:[409]

- Item 404(a) contains a general disclosure requirement for related person transactions, including those involving indebtedness.

- Item 404(b) requires disclosure regarding the company's policies and procedures for the review, approval or ratification of related person transactions.

- Item 404(c) requires disclosure regarding promoters and certain control persons of a company.[410]

- Item 407 consolidates corporate governance disclosure requirements.[411]  Also, Item 407(a) requires disclosure regarding the independence of directors, including

---

[408]    See the 1982 Release.  For a discussion of these provisions, see also Disclosure of Certain Relationships and Transactions Involving Management, Release No. 33-6416 (July 9, 1982) [47 FR 31394], at Section II.

[409]    The discussion that follows focuses on changes to Regulation S-K, with Section V.E.1. explaining the modifications to Regulation S-B.  References throughout the following discussion are to Items of Regulation S-K, unless otherwise indicated.

[410]    Prior to adoption of these amendments, disclosure regarding promoters was required under Item 404(d).

[411]    These matters previously were required to be disclosed pursuant to various provisions, including Item 7 of Schedule 14A and Items 306, 401(h), (i) and (j), 402(j) and 404(b).  We are eliminating as proposed the requirement for disclosure regarding specific director and director nominee

147

whether each director and nominee for director of the company is independent, as well as a description by specific category or type of any transactions, relationships or arrangements not disclosed under paragraph (a) of Item 404 that were considered when determining whether each director and nominee for director is independent.

## A.    Transactions with Related Persons

We are adopting amendments to Item 404 to make the certain relationships and related transactions disclosure requirements clearer and easier to follow.  The revisions retain the principles for disclosure of related person transactions that were previously specified in Item 404(a), but no longer include all of the instructions that served to delineate what transactions are reportable or excludable from disclosure based on bright lines that can depart from a more appropriate materiality analysis.  Instead, Item 404(a) as amended consists of a general statement of the principle for disclosure, followed by specific disclosure requirements and instructions.  The instructions to Item 404(a) explain the related persons covered by the Item, the scope of transactions covered by the Item, the method for computation of the amount involved in the transaction, special requirements regarding indebtedness, the interaction with Item 402, the materiality of certain interests, and the circumstances in which disclosure need not be provided.

Item 404(a) as adopted extends to disclosure of indebtedness, by consolidating the disclosure formerly required under Item 404(a) regarding transactions involving the company and related persons with the disclosure regarding indebtedness which had been separately required by Item 404(c) prior to these amendments.  We have consolidated

---

relationships that had been set forth in Item 404(b) prior to today's amendments, in favor of the disclosures regarding director independence required by Item 407(a).

these two provisions substantially as proposed in order to eliminate confusion regarding the circumstances in which each item applied and to streamline duplicative portions of Item 404.

### 1.    Broad Principle for Disclosure

Item 404(a) as proposed and adopted articulates a broad principle for disclosure; it states that a company must provide disclosure regarding:

- any transaction since the beginning of the company's last fiscal year, or any currently proposed transaction;

- in which the company was or is to be a participant;

- in which the amount involved exceeds $120,000; and

- in which any related person had or will have a direct or indirect material interest.

As proposed, amended Item 404(a) no longer includes an instruction that is repetitive of the general materiality standard applicable to the Item.[412]  By omitting this instruction, we do not intend to change the materiality standard applicable to Item 404(a). The materiality standard for disclosure embodied in Item 404(a) prior to these amendments is retained; a company must disclose based on whether the related person had or will have a direct or indirect material interest in the transaction.  The materiality of any interest will continue to be determined on the basis of the significance of the information to investors in light of all the circumstances.[413]  As was the case before adoption of amended Item 404(a), the relationship of the related persons to the

---

[412]      Prior to today's amendments, Instruction 1 to Item 404(a) had stated that "[t]he materiality of any interest is to be determined on the basis of the significance of the information to investors in light of all the circumstances of the particular case.  The importance of the interest to the person having the interest, the relationship of the parties to the transaction with each other and the amount involved in the transactions are among the factors to be considered in determining the significance of the information to investors."

149

transaction, and with each other, the importance of the interest to the person having the interest and the amount involved in the transaction are among the factors to be considered in determining the materiality of the information to investors.

We are also eliminating as proposed an instruction to Item 404(a) which had indicated that the dollar threshold is not a bright line materiality standard.[414]  It remains true, however, that when the amount involved in a transaction exceeds the prescribed threshold ($120,000 under the amended rule we adopt today), a company should evaluate whether the related person has a direct or indirect material interest in the transaction to determine if disclosure is required.  We eliminated the instruction because it was repetitive of the general materiality standard applicable to the Item.  We believe that application of the materiality principles under the Item are more consistent with a principles-based approach and will lead to more appropriate disclosure outcomes than application of the instruction that was eliminated.  By deleting this instruction, we do not intend to change the materiality standard applicable to Item 404(a).  As was the case with Item 404(a) prior to adoption of these amendments, there may be situations where, although the instructions to Item 404(a) do not expressly provide that disclosure is not required, the interest of a related person in a particular transaction is not a direct or indirect material interest.  In that case, information regarding such interest and transaction is not required to be disclosed under Item 404(a).

---

[413]    See Basic v. Levinson and TSC Industries v. Northway.

[414]    Prior to today's amendments, Instruction 9 to Item 404(a) had stated that "There may be situations where, although these instructions do not expressly authorize nondisclosure, the interest of a person specified in paragraphs (a)(1) through (4) in a particular transaction or series of transactions is not a direct or indirect material interest.  In that case, information regarding such interest and transaction is not required to be disclosed in response to this paragraph."

In addition, as proposed the amendments:

- call for disclosure if a company is a "participant" in a transaction, rather than if it is "a party" to the transaction, as "participant" more accurately connotes the company's involvement;

- modify the $60,000 threshold for disclosure to $120,000 to adjust for inflation;

- include a defined term for "transaction" to provide that it includes a series of similar transactions and to make clear its broad scope; and

- include a defined term for "related persons."[415]

As was the case before these amendments, disclosure is required for three years in registration statements filed pursuant to the Securities Act or the Exchange Act.[416]

One commenter questioned whether changing the test of company involvement from being a "party" to a transaction to being a "participant" in a transaction is intended to be a substantive change.[417]  The purpose of this change is to more accurately connote the company's involvement in a transaction by clarifying that being a "participant" encompasses situations where the company benefits from a transaction but is not technically a contractual "party" to the transaction.[418]

Commenters expressed diverse views on the appropriate disclosure threshold. While some commenters supported increasing the threshold for disclosure from $60,000

---

[415]    The "related persons" covered by the amended Item are discussed below in Section V.A.1.b.

[416]    However, if the disclosure is being incorporated by reference into a registration statement on Form S-4, the additional two years of disclosure will not be required, as specified in Instruction 1 to Item 404.

[417]    See letter from Sullivan.  See also letter from SCSGP.

[418]    For example, disclosure would be required if a company benefits from a transaction with a related person that the company has arranged and in which it participates, notwithstanding the fact that it is not a party to a contract.

to $120,000,[419] others recommended retaining the $60,000 threshold,[420] using a minimal dollar threshold,[421] not including any de minimis dollar threshold,[422] or increasing the threshold even further through use of a sliding scale.[423]  We believe that a fixed dollar amount for the disclosure threshold will provide the most certainty as to the size of transactions that must be tracked for disclosure purposes under Item 404,[424] and that increasing the dollar amount of the threshold based on inflation is appropriate given the amount of time that has elapsed since it was last set nearly twenty-five years ago.

Finally, the rule changes include as proposed a technical modification.  Prior to today's amendments, Item 404(a) stated that disclosure was required regarding situations involving "the registrant or any of its subsidiaries."  Because companies must include subsidiaries in making materiality determinations in all circumstances, the reference to "subsidiaries" is superfluous, and we have therefore eliminated it.  This modification does not change the scope of disclosure required under the Item.[425]

### a.    Indebtedness

Section 402 of the Sarbanes-Oxley Act prohibits most personal loans by a

---

[419]    See, e.g., letters from BRT and Sullivan.

[420]    See, e.g., letters from Amalgamated and CalSTRS.

[421]    See letter from Teamsters (recommending a $250 disclosure threshold).

[422]    See, e.g., letters from CII and ISS.

[423]    See letter from SCSGP recommending a disclosure threshold for companies that are not small business issuers of the greater of $120,000 or a percentage (which it believes could be as low as two percent) of consolidated gross revenues of the recipient for certain types of transactions.

[424]    The disclosure threshold in amended Item 404(a) of Regulation S-B is the lesser of $120,000 or one percent of the average of the small business issuer's total assets at year-end for the last three completed fiscal years because we believe that transactions that are below $120,000 can be significant for small business issuers given their relative size.

[425]    For the same reason, we have eliminated as proposed the references to "subsidiaries" in the "compensation committee interlocks and insider participation in compensation decisions" disclosure requirement adopted in Item 407(e)(4).  This revision does not change the scope of disclosure required under the rule.

company to its officers and directors.[426]  This development raises the issue of whether disclosure of indebtedness of the sort required under our rules prior to the amendments should be maintained.  We believe that the approach to disclosure of indebtedness involving related persons that we adopt today is appropriate because of the scope of the direct and indirect interests covered by our disclosure requirements, because related persons include persons not covered by the prohibitions, and because there are certain exceptions to the prohibitions.  We have, however, eliminated the distinction between indebtedness and other types of related person transactions.

As a result of integrating what had been required to be disclosed under paragraph (c) of Item 404 into paragraph (a) of Item 404, the rule proposals would have changed the situations in which indebtedness disclosure is necessary by requiring disclosure of indebtedness transactions with regard to all related persons covered by the related person transaction disclosure requirement, including significant shareholders.[427]  Some commenters questioned whether disclosure of indebtedness of significant shareholders would be useful to investors and whether companies would have access to the information necessary to provide this disclosure.[428]  In response to these comments, the amendments do not require disclosure of indebtedness transactions of significant shareholders (or their immediate family members).[429]  Another result of integrating the

---

[426]    Codified in Section 13(k) of the Exchange Act [15 U.S.C. 78m(k)].

[427]    Prior to today's amendments, the related person transaction disclosure requirement in Item 404(a) covered significant shareholders, while the indebtedness disclosure requirement in Item 404(c) did not.  The significant shareholders covered by Item 404(a) as adopted will continue to be any security holder who is known to the company to beneficially own more than five percent of any class of the company's voting securities.  See Instruction 1.b.i. to Item 404(a).

[428]    See, e.g., letter from Sullivan.  See also, letter from SCSGP.

[429]    See Instruction 4.b. to Item 404(a).  Disclosure would be required, however, if the significant shareholder (or such shareholder's immediate family member) was also a related person specified

disclosure requirements that had been specified in paragraph (c) of Item 404 into paragraph (a) of Item 404, is that the rule changes set a $120,000 threshold and require disclosure if there is a direct or indirect material interest in an indebtedness transaction, while prior to these amendments Item 404(c) required disclosure of all indebtedness exceeding $60,000.[430]  For example, under amended Item 404(a) disclosure is required if an executive officer had a material indirect interest in an indebtedness transaction (exceeding $120,000) between the company and another entity due to that executive officer's ownership interest in the other entity.  Disclosure of material indirect interests of related persons in transactions involving the company will be required by Item 404(a) as amended, just as it was prior to adoption of these amendments.  We believe that disclosure requirements for indebtedness and for other related person transactions should be congruent.  In particular, we believe that loans by companies other than financial institutions should be treated like any other related person transactions; however, as discussed below,[431] we address certain ordinary course loans by financial institutions in an instruction to Item 404(a).

### b.       Definitions

We have defined the terms "transaction," "related person" and "amount involved" substantially as proposed in order to streamline Item 404(a) and to clarify the broad scope of financial transactions and relationships covered by the rule.

---

in Instruction 1.a. to Item 404(a), for example, if the significant shareholder was also an executive officer.

[430]    Prior to these amendments, Item 404(c) also had required disclosure of some specific indirect interests of directors, nominees for director, and executive officers of the company in indebtedness through corporations, organizations, trusts, and estates.  Disclosure of these specific interests had been required by subparagraphs (c)(4) and (c)(5) of Item 404.  Under the amendments, these subparagraphs have been eliminated as duplicative and the need for disclosure in these situations will be determined using a materiality analysis under the principle for disclosure in Item 404(a).

154

The term "transaction" has a broad scope in Item 404(a).[432]  This term is not to be interpreted narrowly, but rather broadly includes, but is not limited to, any financial transaction, arrangement or relationship or any series of similar transactions, arrangements or relationships.  The definition of "transaction" also specifically notes that the term includes indebtedness and guarantees of indebtedness.

The definition of "related person" identifies the persons covered, and clarifies the time periods during which they are covered.  The term "related person"[433] means any person who was in any of the following categories at any time during the specified period for which disclosure under paragraph (a) of Item 404 is required:

- any director or executive officer of the company and his or her immediate family members; and

- if disclosure were provided in a proxy or information statement relating to the election of directors, any nominee for director and the immediate family members of any nominee for director.

In addition, a security holder known to the company to beneficially own more than five percent of any class of the company's voting securities or any immediate family member of any such person, when a transaction in which such security holder or family member had a direct or indirect material interest occurred or existed, is also a related person.

The definition of "related person" that we have adopted will require disclosure of related person transactions involving the company and a person (other than a significant shareholder or immediate family member of such shareholder) that occurred during the

---

[431]    See Section V.A.3. below.

[432]    Instruction 2 to Item 404(a).

[433]    Instruction 1 to Item 404(a).

155

last fiscal year, if the person was a "related person" during any part of that year.[434]   A

person who had a position or relationship giving rise to the person being a "related

person" during only part of the last fiscal year may have had a material interest in a

transaction with the company during that year.  While prior to these amendments Item

404(a) did not indicate whether disclosure was required for the transaction in this

situation, the history of Item 404 suggests that disclosure was required if the requisite

relationship existed at the time of the transaction, even if the person was no longer a

related person at the end of the year.[435]  We believe that, because of the potential for

abuse and the close proximity in time between the transaction and the person's status as a

"related person," it is appropriate to require disclosure for transactions in which the

person had a material interest occurring at any time during the fiscal year.  For example,

it is possible that a material interest of a person in a transaction during this timeframe

could influence the person's performance of his or her duties.

　　　　We believe that transactions with persons who have been or who will become

significant shareholders (or their immediate family members), but are not at the time of

the transaction, raise different considerations and are harder to track, and thus we are

excluding them as proposed.  Disclosure will be required, however, regarding a

---

[434]　　As proposed, the principle for disclosure that we have adopted only applies to nominees for director if disclosure is being provided in a proxy or information statement involving the election of directors.  Also, as proposed, ongoing disclosure is not required regarding nominees for director who were not elected (unless a nominee has been nominated again for director).

[435]　　This position, which had been included in the proxy rule provisions that were the precursor to Item 404, was deleted from those provisions in 1967 as duplicative of a note that applied to all of the disclosure required in Schedule 14A (including the related party disclosure requirement in Schedule 14A).  Adoption of Amendments to Proxy Rules and Information Rules, Release No. 34-8206 (Dec. 14, 1967) [32 FR 20960], at "Schedule 14A - Item7(f)."  Before today's amendments, Note C to Schedule 14A provided that "[i]nformation need not be included for any portion of the period during which such person did not hold any such position or relationship, provided a statement to that effect is made."  We have amended Note C to Schedule 14A as proposed so that it will no longer apply to disclosure of related person transactions.

156

transaction that begins before a significant shareholder becomes a significant shareholder, and continues (for example, through the on-going receipt of payments) on or after the time that the person becomes a significant shareholder.

We are adopting the definition of "immediate family member" as proposed. Under Item 404(a), the term "immediate family member" means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, and any person (other than a tenant or employee) sharing the household of any director, nominee for director, executive officer, or significant shareholder of the company. The amended definition differs from the former definition in that it includes stepchildren, stepparents, and any person (other than a tenant or employee) sharing the household of a director, nominee for director, executive officer, or significant shareholder of the company.[436]

The amended definition of "amount involved" is adopted as proposed.[437] The definition incorporates two concepts that were included in Item 404 prior to these amendments regarding how to determine the "amount involved" in transactions, and clarifies that the amounts reported must be in dollars even if the amount was set or expensed in a different currency. As adopted, the term "amount involved" means the dollar value of the transaction, or series of similar transactions, and includes:

- in the case of any lease or other transaction providing for periodic payments or installments, the aggregate amount of all periodic payments or installments due on or after the beginning of the company's last fiscal year, including any required or

---

[436]   The persons included in these additions to the definition are also included in the definition of "family member" in General Instruction A.1.(a)(5) to Securities Act Form S-8.

[437]   Instruction 3 to Item 404(a).

optional payments due during or at the conclusion of the lease or other transaction
providing for periodic payments or installments;[438] and

* in the case of indebtedness, the largest aggregate amount of all indebtedness
  outstanding at any time since the beginning of the company's last fiscal year and
  all amounts of interest payable on it during the last fiscal year.[439]

### 2.    Disclosure Requirements

Subparagraphs of Item 404(a) as adopted provide the disclosure requirements for
related person transactions.  The company will be required to describe the transaction,
including:

* the person's name and relationship to the company;

* the person's interest in the transaction with the company, including the related
  person's position or relationship with, or ownership in, a firm, corporation, or
  other entity that is a party to or has an interest in the transaction; and

* the approximate dollar value of the amount involved in the transaction and of the
  related person's interest in the transaction.[440]

Companies will also be required to disclose any other information regarding the
transaction or the related person in the context of the transaction that is material to
investors in light of the circumstances of the particular transaction.

---

[438]   Prior to today's amendments, Instruction 3 to Item 404(a) had provided guidance regarding computing the amount involved in lease or other agreements providing for periodic payments or installments.

[439]   Prior to today's amendments, the basis for determining the amount involved in indebtedness transactions had been set forth in Item 404(c).

[440]   Because of the manner in which the amount involved in the transaction is calculated for indebtedness, as discussed above, disclosure with respect to indebtedness will include the largest aggregate amount of principal outstanding during the period for which disclosure is provided, as well as the amount of principal and interest paid during the period for which disclosure is

158

As was the case prior to adoption of these amendments, the dollar value of the related person's interest in the transaction will be computed without regard to the amount of the profit or loss involved in the transaction.[441]  One commenter pointed out that the proposals expanded the application of this provision to also cover the computation of the "amount involved" when the provision was moved from an instruction into the body of Item 404(a).[442]  In streamlining Item 404(a), we did not intend to change the scope of the prior instruction.  Therefore, the final rule clarifies the context in which profit or loss is not to be considered.

Consistent with the principles-based approach that we are applying to related person transaction disclosure, we are eliminating an instruction that, in the case of a related person transaction involving a purchase or sale of assets by or to the company otherwise than in the ordinary course of business, called for specific disclosure of the cost of the assets to the purchaser, and if acquired within two years of the transaction, the cost of the assets to the seller and related information about the price of the assets.  We note, however, that if such information is material under the revised standards of Item 404(a), because, for example, the recent purchase price to the related person is materially less than the sale price to the company, or the sale price to the related person is materially more than the recent purchase price to the company, disclosure of such prior purchase price and related information about the prices could be required.

Prior to adoption of today's amendments, disclosure was required under Item 404(c) regarding amounts possibly owed to the company under Section 16(b) of the

---

provided, the aggregate amount of principal outstanding as of the latest practicable date, and the rate or amount of interest payable on the indebtedness.  Item 404(a)(5).

[441]    Item 404(a)(4).

159

Exchange Act.[443]  We believe that the purpose of related person transaction disclosure differs from the purpose of Section 16(b), and one commenter expressed support for eliminating this requirement.[444]  Accordingly, the rule amendments eliminate this former Section 16(b)-related disclosure requirement.

### 3.   Exceptions

Some categories of transactions do not fall within the principle for disclosure and therefore Item 404(a) as amended includes disclosure exceptions that we believe are consistent with our principles-based approach.[445]  The first category of transactions involves compensation.  Disclosure of compensation to an executive officer will not be required if:

- the compensation is reported pursuant to Item 402 of Regulation S-K; or

- the executive officer is not an immediate family member and such compensation would have been reported under Item 402 as compensation earned for services to the company if the executive officer was a named executive officer, and such compensation had been approved, or recommended to the board of directors of the company for approval, by the compensation committee of the board of directors (or group of independent directors performing a similar function) of the company.[446]

As proposed, this disclosure exception would have required compensation committee approval of an executive officer's compensation if that executive officer's compensation

---

[442]   See letter from Sullivan.

[443]   This requirement had been set forth in Instruction 4 to Item 404(c) prior to these amendments.

[444]   See letter from SCSGP.

[445]   Instructions 4, 5, 6 and 7 to Item 404(a).

was not reported under Item 402. However, one commenter noted that in accordance with listing standards, compensation committees may only need to recommend to the board of directors, rather than approve, the compensation of executive officers (other than the chief executive officer).[447] We believe that it is appropriate for this disclosure exception to apply a standard that is consistent with the listing standards and we have thus modified this exception from the proposal accordingly. Finally, as proposed disclosure of compensation to a director will not be required if the compensation is reported pursuant to the director compensation disclosure requirement in Item 402(k).[448]

As we explained in the Proposing Release, since the disclosure either would be reported under Item 402, or would not be required under Item 402, we do not believe that these particular compensation transactions fall within our Item 404 disclosure principle, or they will have already been disclosed. Transactions involving compensation that do not fall within these exceptions, such as compensation of immediate family members, are within the scope of the principle for disclosure in amended Item 404(a).[449] These exceptions thus clarify the limited situations in which disclosure of compensation to related persons is not required under Item 404.

The second category of transactions involves three types of situations that we believe do not raise the potential issues underlying our principle for disclosure. First, in the case of transactions involving indebtedness, as proposed we have adopted

---

[446]    Instruction 5.a. to Item 404(a).

[447]    See letter from NYCBA.

[448]    Instruction 5.b. to Item 404(a).

[449]    One commenter believed that the proposals would have eliminated disclosure of related person transactions involving the employment of immediate family members. See letter from CRPTF. Item 404(a), as amended, continues to require disclosure of these types of related person

161

amendments so that the following items of indebtedness may be excluded from the calculation of the amount of indebtedness and need not be disclosed because they do not have the potential to impact the parties as do the transactions for which disclosure is required:  amounts due from the related person for purchases of goods and services subject to usual trade terms, for ordinary business travel and expense payments and for other transactions in the ordinary course of business.[450]  Also, in the case of a transaction involving indebtedness, the amendments provide, as proposed, that if the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T[451] and the loans are not disclosed as nonaccrual, past due, restructured or potential problems,[452] disclosure under paragraph (a) of Item 404 may consist of a statement, if correct, that the loans to such persons satisfied the following conditions:

- they were made in the ordinary course of business;

- they were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable loans with persons not related to the lender; and

- they did not involve more than the normal risk of collectibility or present other unfavorable features.[453]

---

transactions when the threshold for disclosure has been met and the immediate family member has or will have a direct or indirect material interest.

[450]    Instruction 4.a. to Item 404(a), which is based on Instruction 2 to Item 404(c) as it was stated prior to today's amendments.

[451]    12 CFR Part 220.

[452]    See Item III.C.1. and 2. of Industry Guide 3, Statistical Disclosure by Bank Holding Companies [17 CFR 229.802(c)].

[453]    Instruction 4.c. to Item 404(a).

162

This exception is based on the exception that was included in Instruction 3 to Item 404(c) prior to these amendments, and has been modified as proposed to be more consistent with the prohibition of the Sarbanes-Oxley Act on personal loans to officers and directors.[454]

Second, we are adopting as proposed an instruction indicating that a person who has a position or relationship with a firm, corporation, or other entity that engages in a transaction with the company shall not be deemed to have an indirect material interest within the meaning of paragraph (a) of Item 404 if:

- the interest arises only:  (i) from the person's position as a director of another corporation or organization that is a party to the transaction; or (ii) from the direct or indirect ownership by such person and all other related persons, in the aggregate, of less than a ten percent equity interest in another person (other than a partnership) which is a party to the transaction; or (iii) from both such position and ownership; or

- the interest arises only from the person's position as a limited partner in a partnership in which the person and all other related persons, have an interest of less than ten percent, and the person is not a general partner of and does not have another position in the partnership.[455]

---

[454]   Specifically, the language that was in Instruction 3 to paragraph (c) of Item 404 prior to these amendments has been modified to replace the reference "comparable transactions with other persons" with the phrase "comparable loans with persons not related to the lender."

[455]   Instruction 6 to Item 404(a).  This amendment is based on the language that was in parts A and B of Instruction 8 to Item 404(a) prior to these amendments.  This amendment omits the portion of that instruction (Instruction 8.C.) regarding interests arising solely from holding an equity or a creditor interest in a person other than the company that is a party to the transaction, when the transaction is not material to the other person.  This exception may have resulted in inappropriate non-disclosure of transactions without regard to whether they were material to the company.  In addition, we are eliminating the language that had been set forth in Instruction 6 to Item 404(a) prior to these amendments, which had covered a subset of transactions now covered by Instruction 6, as amended, and therefore was duplicative.

Finally, disclosure will not be required under paragraph (a) of Item 404 in three other types of circumstances.  First, disclosure will not be required under paragraph (a) of Item 404 as to any transaction where the rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common or contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority.[456]  We had proposed to eliminate this exception because we considered such bright-line presumptions as inconsistent with our principles-based approach to the rule.  We are persuaded, however, by a commenter who indicated that the prior exception embodied a conclusion that the terms of these types of transactions would likely not be influenced by the related persons and therefore should be excluded as not material.[457]  As a result, the instruction is retained in the rule as adopted.

Second, disclosure need not be provided under paragraph (a) of Item 404 if the transaction involves services as a bank depositary of funds, transfer agent, registrar, trustee under a trust indenture, or similar services.[458]  We had proposed to eliminate this exception.  We are persuaded by commenters' concerns that eliminating this exception may be detrimental to financial institutions and may not result in additional meaningful disclosure.[459]  Accordingly, we are retaining this exception.

Third, we are adopting an exception indicating that disclosure need not be provided pursuant to paragraph (a) of Item 404 if the interest of the related person arises solely from the ownership of a class of equity securities of the company and all holders of

---

[456]   Instruction 7.a. to Item 404(a).

[457]   Letter from SCSGP.

[458]   Instruction 7.b. to Item 404(a).

[459]   See, e.g., letters from American Bankers Association ("American Bankers"); Compass Bancshares; and Whitney Holding Corporation ("Whitney Holding").

that class of equity securities of the company received the same benefit on a pro rata

basis.[460]  Commenters expressed concern that our proposal to eliminate the former

exception[461] would require disclosure if a related person receives over $120,000 in

dividends on company stock in a year, even though those dividends are paid on the same

terms as for all other stockholders.[462]  We are persuaded by the commenters that related

person transaction disclosure is not necessary for transactions where a related person

receives pro rata dividends or returns on the ownership of equity securities, and therefore

we have adopted an instruction to provide an exception from disclosure in these limited

circumstances.[463]

Some commenters requested that we create a new exception for transactions

undertaken in the ordinary course of business of the company and conducted on the same

terms that the company offers generally in transactions with persons who are not related

persons.[464]  Former Item 404(a) did not include such an "ordinary course of business"

disclosure exception, and we are not persuaded that it should be expanded to include one.

In this regard, we note that transactions which should properly be disclosed under Item

404(a) might be excluded under an ordinary course of business exception, such as

employment of immediate family members of officers and directors.  However, we note

---

[460]    Instruction 7.c. to Item 404(a).

[461]    Before the adoption of these amendments, Instruction 7.C. to Item 404(a) provided that no
information was required under Item 404(a) for transactions where the interest of the related
person arose solely from the ownership of securities of the company and such person received no
extra or special benefit not shared on a pro rata basis.

[462]    See, e.g., letters from SCSGP and Sullivan.

[463]    The instruction as adopted differs from the language of Instruction 7.C. prior to these amendments
in that it is limited to ownership of a class of equity securities rather than securities generally and
focuses on benefits being provided pro rata to the holders of that class rather than the absence of
certain extra or special benefits.

[464]    See, e.g., letters from SCSGP and Sullivan.

that whether a transaction which was not material to the company or the other entity involved and which was undertaken in the ordinary course of business of the company and on the same terms that the company offers generally in transactions with persons who are not related persons, are factors that could be taken into consideration when performing the materiality analysis for determining whether disclosure is required under the principle for disclosure.

### B.    Procedures for Approval of Related Person Transactions

We are adopting a new requirement for disclosure of the policies and procedures established by the company and its board of directors regarding related person transactions substantially as proposed.  State corporate law and increasingly robust corporate governance practices support or provide for such procedures in connection with transactions involving conflicts of interest.[465]  We believe that this type of information may be material to investors, and our amendments therefore require disclosure of policies and procedures regarding related person transactions under paragraph (b) of Item 404, as amended.

Specifically, the amendments require a description of the company's policies and procedures for the review, approval or ratification of transactions with related persons that are reportable under paragraph (a) of Item 404.  The description must include the material features of these policies and procedures that are necessary to understand them. While the material features of such policies and procedures will vary depending on the particular circumstances, examples of such features may include, in given cases, among other things:

---

[465]    Del. Code Ann. tit. 8, §144 (2004).  See also NYSE, Inc. Listed Company Manual Section 307.00 and NASD Manual, Marketplace Rules 4350(h) and 4360(i).

166

- the types of transactions that are covered by such policies and procedures, and the standards to be applied pursuant to such policies and procedures;

- the persons or groups of persons on the board of directors or otherwise who are responsible for applying such policies and procedures; and

- whether such policies and procedures are in writing and, if not, how such policies and procedures are evidenced.

Item 404(b) requires identification of any transactions required to be reported under paragraph (a) of Item 404 where the company's policies and procedures do not require review, approval or ratification or where such policies and procedures have not been followed.

One commenter expressed concern that it is not reasonable or customary for a company's related person transaction policy to extend to transactions occurring before an individual becomes affiliated with a company.[466]  In response, we have added an instruction indicating that disclosure need not be provided pursuant to paragraph (b) of Item 404 regarding any transaction that occurred at a time before the related person had the relationship that would trigger disclosure under Item 404(a), if the transaction did not continue after the related person had that relationship.[467]

C.     **Promoters and Control Persons**

As proposed and adopted, the amendments require a company to provide

---

[466]    See letter from NYCBA.

[467]    See Instruction to Item 404(b).  For example, disclosure would not be required under Item 404(b) in a company's Form 10-K for the fiscal year ended December 31, 2005 of a transaction that occurred in March 2005 between the company and an immediate family member of a person who later became a director of the company in August 2005.  However, disclosure would be required under Item 404(a) in this circumstance.  This Instruction to Item 404(b) does not apply to transactions of significant shareholders of the company, because Item 404(a) does not require

167

disclosure regarding the identity of promoters and its transactions with those promoters if

the company had a promoter at any time during the last five fiscal years.[468]  The

disclosure will be required in Securities Act registration statements on Form S-1 or on

Form SB-2 and Exchange Act Form 10 or Form 10-SB.  The disclosure includes:

- the names of the promoters;

- the nature and amount of anything of value received by each promoter from the
  company and the nature and amount of any consideration received by the
  company; and

- additional information regarding any assets acquired by the company from a
  promoter.

The amendments are consistent with the previous disclosure requirements

regarding promoters.  However, prior to these amendments this disclosure was not

required if the company had been organized more than five years ago, even if the

company otherwise had a promoter within the last five years.  Our staff's experience in

reviewing registration statements, especially of smaller companies, suggests that the more

appropriate five-year test for which the disclosure should be provided relates to the

period of time during which the company had a promoter, as our revision provides, rather

than the date of organization of the company.[469]  We are also requiring the same

disclosure that is required for promoters for any person who acquired control, or is part of

---

disclosure of transactions with significant shareholders that are completed before they become significant shareholders.

[468]    Item 404(c).

[469]    We also adopt as proposed similar revisions to the disclosure requirement referencing promoters in Item 401(g)(1) of Regulation S-K.  In addition, as proposed our revisions add Form SB-2 to the list of registration statement forms in Item 404 for which promoter disclosure is required.  While this revision updates the registration statement forms listed in Item 404, it does not change the promoter disclosure requirement of Form SB-2.

a group that acquired control, of an issuer that is a shell company.[470]  We are revising the title of this item to include the term control persons in order to clarify the scope of the disclosure requirement.

### D.        Corporate Governance Disclosure

We are consolidating our disclosure requirements regarding director independence and related corporate governance disclosure requirements under a single disclosure item and updating such disclosure requirements regarding director independence to reflect our current requirements and current listing standards.[471] Prior to these amendments, Item 404(b) had required disclosure of specific business relationships between a director or nominee for director and the company that could bear on the ability of directors and nominees for director to exercise independent judgment in the performance of their duties.  We proposed to eliminate the disclosure requirement that was stated under paragraph (b) of Item 404 in favor of more direct disclosure about the determination of the independence of directors and nominees for director, including information supplementing the amended related person transaction disclosure that would permit qualitative assessment of those independence determinations.  While one

---

[470]    Item 404(c)(2).  The term "group" has the same meaning as in Exchange Act Rule 13d-5(b)(1) [17 CFR 240.13d-5(b)(1)], that is, any two or more persons that agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer.  The term "shell company" is defined in Securities Act Rule 405 and Exchange Act Rule 12b-2.

[471]    Item 407 of Regulations S-K and S-B.  As adopted, Item 407 consolidates corporate governance disclosure requirements located in several places under our rules and the principal markets' listing standards, including in particular requirements that had been specified in Items 306, 401(h), (i) and (j), 402(j) and 404(b) of Regulation S-K and Item 7 of Schedule 14A under the Exchange Act prior to these amendments.  We are not making any changes to the substance of the requirements under Item 306, Item 401(h), (i) or (j), or Item 402(j) as part of this consolidation.  However, as proposed, Item 407 reorders some provisions that were specified in Item 306 and reflects the relevant Public Company Accounting Oversight Board rules.  See PCAOB Rulemaking:  Public Company Accounting Oversight Board; Order Approving Proposed Technical Amendments to Interim Standards Rules, Release No. 34-49624 (Apr. 28, 2004) [69 FR 24199]; and Order Regarding Section 101(d) of the Sarbanes-Oxley Act of 2002, Release No. 33-8223 (Apr. 25, 2003) [68 FR 2336].

commenter suggested that we retain a revised version of paragraph (b) to Item 404 as it was stated prior to these amendments,[472] we continue to believe that disclosure focused on the determinations made regarding director independence is the appropriate approach. The comprehensive director independence disclosure requirement that we are adopting today recognizes the significant development of independence requirements since the disclosure requirements in former paragraph (b) of Item 404 were originally adopted.  As directed by the Sarbanes-Oxley Act of 2002, we adopted a rule requiring national securities exchanges and national securities associations to adopt listing standards requiring independent audit committees meeting the standards of our rule.[473]  Further, in 2003 and 2004, we approved amendments to additional listing standards, including those of the New York Stock Exchange and Nasdaq,[474] that imposed specific additional

---

[472]    Letter from Fenwick.

[473]    See Section 10A(m) of the Exchange Act [15 U.S.C. 78j-1(m)]; Exchange Act Rule 10A-3 [17 CFR 240.10A-3]; and Standards Relating to Listed Company Audit Committees, Release No. 33-8220 (Apr. 9, 2003) (the "Audit Committee Release") [68 FR 18788].

[474]    NASD and NYSE Listing Standards Release.  The other exchanges have also adopted corporate governance listing standards.  See Order Granting Approval of Proposed Rule Change by the American Stock Exchange LLC and Notice of Filing and Order Granting Accelerated Approval of Amendment No. 2 Relating to Enhanced Corporate Governance Requirements Applicable to Listed Companies, Release No. 34-48863 (Dec. 1, 2003) [68 FR 68432]; Notice of Filing and Order Granting Accelerated Approval of Proposed Rule Change and Amendment Nos. 1 and 2 Thereto by the Philadelphia Stock Exchange, Inc. Relating to Corporate Governance, Release No. 34-49881 (June 17, 2004) [69 FR 35408]; Order Approving Proposed Rule Change and Notice of Filing and Order Granting Accelerated Approval to Amendment Nos. 2 and 3 to the Proposed Rule Change by the Chicago Stock Exchange, Inc. Relating to Governance of Issuers on the Exchange, Release No. 34-49911 (June 24, 2004) [69 FR 39989]; Notice of Filing and Order Granting Accelerated Approval of Proposed Rule Change by the Boston Stock Exchange, Inc. to Amend Chapter XXVII, Section 10 of the Rules of the Board of Governors by Adding Requirements Concerning Corporate Governance Standards of Exchange-Listed Companies, Release No. 34-49955 (July 1, 2004) [69 FR 41555]; Notice of Filing and Order Granting Accelerated Approval of Proposed Rule Change and Amendment Nos. 1 and 2 Thereto by the Chicago Board Options Exchange, Incorporated, Relating to Enhanced Corporate Governance Requirements for Listed Companies, Release No. 34-49995 (July 9, 2004) [69 FR 42476]; Notice of Filing and Order Granting Accelerated Approval of Proposed Rule Change and Amendment Nos. 1 and 2 Thereto by National Stock Exchange Relating to Corporate Governance, Release No. 34-49998 (July 9, 2004) [69 FR 42788]; and Notice of Filing and Immediate Effectiveness of Proposed Rule Change by the Pacific Exchange, Inc. to Amend the Corporate Governance Requirements for PCX Listed Companies, Release No. 34-50677 (Nov. 16, 2004) [69 FR 68205].

independence standards for boards of directors, and the compensation and nominating committees or persons performing similar functions.  Each listed company (unless exempt) determines whether its directors and committee members are independent based on definitions that it adopts which, at a minimum, are required to comply with the listing standards applicable to the company.

The amendments we are adopting today, substantially as proposed, include a disclosure requirement to identify the independent directors of the company (and, in the case of disclosure in proxy or information statements relating to the election of directors, nominees for director) under the definition for determining board independence applicable to it.[475]  The amendments also require disclosure of any members of the compensation, nominating and audit committees that the company has not identified as independent under the definition of independence for that board committee applicable to it.[476]

More specifically, if the company is an issuer[477] with securities listed, or for which it has applied for listing, on a national securities exchange[478] or in an automated

---

The Commission has previously received a rulemaking petition submitted by the AFL/CIO, which requested the Commission to amend Items 401 and 404 of Regulation S-K to require disclosure about transactions with non-profit organizations (letter dated Dec. 12, 2001 from Richard Trumka, Secretary-Treasurer, AFL/CIO, File No. 4-499, available at www.sec.gov/rules/petitions/petn4-499.pdf) and a rulemaking petition submitted by the Council of Institutional Investors, which requested amendments to Item 401 of Regulation S-K to require disclosure of certain transactions between directors, executive officers and nominees (letter dated Oct. 1, 1997, as amended Oct. 19, 1998, from Sarah A.B. Teslik, Executive Director, Council of Institutional Investors, File No. 4-404).  We believe these requests have in large part been addressed by revised listing standards instituted by the exchanges, so that we are not now taking additional action under these petitions.

[475]    Item 407(a).

[476]    Id.  If the company does not have a separately designated compensation, nominating or audit committee or committee performing similar functions, it must provide this disclosure regarding independence under committee independence standards with respect to all members of the board of directors.

[477]    Under the amendments, "listed issuer" has the same meaning as in Exchange Act Rule 10A-3.

171

inter-dealer quotation system of a national securities association[479] which has requirements that a majority of the board of directors be independent, Item 407(a) requires disclosure of those directors and director nominees that the company identifies as independent (and committee members not identified as independent), using the definition for independence for directors (and for committee members) that it uses for determining compliance with the applicable listing standards.  If the company is not a listed issuer, we are requiring disclosure of those directors and director nominees that the company identifies as independent (and committee members not identified as independent) using the definition for independence for directors (and for committee members) of a national securities exchange or a national securities association, specified by the company.  The company will be required to apply the same definition consistently to all directors and also to use the independence standards of the same national securities exchange or national securities association for purposes of determining the independence of members of the compensation, nominating and audit committees.[480]

One commenter pointed out the rule proposals did not make clear what disclosure would be required for listed issuers that relied upon an exemption from independence

---

[478]   Under the amendments, "national securities exchange" means a national securities exchange registered pursuant to Section 6(a) of Exchange Act [15 U.S.C. 78f(a)].

[479]   Under the amendments, "inter-dealer quotation system" means an automated inter-dealer quotation system of a national securities association registered pursuant to Section 15A(a) of the Exchange Act [15 U.S.C. 78o-3(a)], and a "national securities association" means a national securities association registered pursuant to Section 15A(a) of the Exchange Act [15 U.S.C. 78o-3(a)] that has been approved by the Commission (as that definition may be modified or supplemented).  Inter-dealer quotation systems such as the OTC Bulletin Board, the Pink Sheets and the Yellow Sheets, which do not maintain or impose listing standards and do not have listing agreements or arrangements with the issuers whose securities are quoted through them, are not within this definition.  See Section II.F.1. in the Audit Committee Release.

[480]   Similar disclosure had been required pursuant to Item 7(d)(2)(ii) and Item 7(d)(3)(iv) of Schedule 14A prior to these amendments.  As part of our consolidation of these provisions into new Item 407, we adopt revised language for these provisions that reflects the general approach discussed above with regard to disclosure of director independence for board and committee purposes.

172

requirements, most notably a "controlled company" exemption.[481]  To clarify the disclosure required in this situation, we added a requirement to the amendments that if the company is a listed issuer whose securities are listed on a national securities exchange or in an inter-dealer quotation system which has requirements that a majority of the board of directors be independent, and also has exemptions to those requirements (for board or committee member independence) upon which the company relied, the company must disclose the exemption relied upon and explain the basis for its conclusion that such exemption is applicable.[482]  Similar disclosure is required for those companies that are not listed issuers but would qualify for an exemption under the listing standards selected. In addition, this instruction clarifies that small business issuers listed on exchanges where at least half of the members of the board of directors, rather than a majority, are required to be independent must comply with the disclosure requirements specified in Item 407(a).[483]

The amendments require as proposed that an issuer which has adopted definitions of independence for directors and committee members must disclose whether those definitions are posted on the company's Web site, and if they are not include the definitions as an appendix to the company's proxy or information statement at least once every three years or if the policies have been materially amended since the beginning of the company's last fiscal year.[484]  Further, if the policies are not on the company's Web

---

[481]    Letter from NYCBA.

[482]    Instruction 1 to Item 407(a).

[483]    See Section 121.B.(2)(c) of the American Stock Exchange Company Guide; paragraph (g) of Chapter XXVII, Listed Securities, Section 10, Corporate Governance, of the Rules of the Board of Governors of the Boston Stock Exchange; and Rule 19(a)(1) of Article XXVIII, Listed Securities, of the Chicago Stock Exchange Rules.

[484]    Item 407(a)(2).

site, or included as an appendix to the company's proxy or information statement, the company must disclose in which of the prior fiscal years the policies were included in the company's proxy or information statement.

In addition, the amendments require, for each director or director nominee identified as independent, a description, by specific category or type, of any transactions, relationships or arrangements not disclosed pursuant to paragraph (a) of Item 404 that were considered by the board of directors of the company in determining that the applicable independence standards were met. Under our proposals, disclosure of the specific details of each such transaction, relationship or arrangement would have been required. Several commenters objected to providing this disclosure, given the potential for extensive detail about these types of transactions, relationships or arrangements, and some suggested instead providing disclosure by category or type of transaction.[485] In response to the commenters, we have revised the disclosure requirement to permit transactions, relationships or arrangements of each director or director nominee to be described by the specific category or type. Consistent with the rule proposals, the amended rule requires that the disclosure be made on a director by director basis, with separate disclosure of categories or types of transactions, relationships or arrangements for each director and director nominee. We have also adopted an instruction indicating that the description of the category or type must be sufficiently detailed so that the nature of the transactions, relationships or arrangements is readily apparent.[486]

As proposed, this independence disclosure is required for any person who served as a director of the company during any part of the year for which disclosure must be

---

[485]    See, e.g., letters from Chamber of Commerce; FSR; and Sidley Austin.

provided,[487] even if the person no longer serves as director at the time of filing the registration statement or report or, if the information is in a proxy statement, if the director's term of office as a director will not continue after the meeting.  In this regard, we believe that the independence status of a director is material while the person is serving as director, and not just as a matter of reelection.[488]

We also amend the disclosure requirements regarding the audit committee and nominating committee applicable prior to these amendments in order to eliminate duplicative committee member independence disclosure and to update the required audit committee charter disclosure requirements for consistency with the more recently adopted nominating committee charter disclosure requirements.[489]  As a result, as proposed the audit committee charter will no longer be required to be delivered to security holders if it is posted on the company's Web site.[490]  We also are moving the disclosure required by Section 407 of the Sarbanes-Oxley Act regarding audit committee financial experts to Item 407, although as proposed we are not making any substantive changes to that requirement.[491]

---

[486]    Instruction 3 to Item 407(a).

[487]    Instruction 2 to Item 407(a) has been revised to clarify this requirement.  As proposed, disclosure under these amendments will not be required for persons no longer serving as a director in registration statements under the Securities Act or the Exchange Act filed at a time when the company is not subject to the reporting requirements of Exchange Act Section 13(a) or 15(d).  As proposed, disclosure will not be required of anyone who was a director only during the time period before the company made its initial public offering if he or she was no longer a director at the time of the offering.

[488]    For this reason, we are not incorporating the concept previously found in Instruction 4 to Item 404(b) into Item 407(a) as adopted.

[489]    However, we are not revising the provision that the Audit Committee Report is furnished and not filed.

[490]    Item 407(d)(1) and Instruction 2 to Item 407.

[491]    Item 407(d)(5).

175

The amendments require new disclosures regarding the compensation committee that are similar to the disclosures required regarding audit and nominating committees of the board of directors.[492]  The company must state whether the compensation committee has a charter, and if it does make the charter available through its Web site or proxy materials in one of the ways that the audit and nominating committee charters may be made available.  As proposed, the company will be required to describe its processes and procedures for the consideration and determination of executive and director compensation including:

- the scope of authority of the compensation committee (or persons performing the equivalent functions);

- the extent to which the compensation committee (or persons performing the equivalent functions) may delegate any authority to other persons, specifying what authority may be so delegated and to whom;

- any role of executive officers in determining or recommending the amount or form of executive and director compensation; and

- any role of compensation consultants in determining or recommending the amount or form of executive and director compensation, identifying such consultants, stating whether such consultants are engaged directly by the compensation committee (or persons performing the equivalent functions) or any other person, describing the nature and scope of their assignment, and the material elements of the instructions or directions given to the consultants with respect to the performance of their duties under the engagement.

---

[492]    These compensation committee disclosure requirements are included in Item 407(e).

176

Several commenters viewed this item as redundant with the Compensation Discussion and Analysis required under Item 402, and suggested that they be combined.[493]  While this item and the Compensation Discussion and Analysis both involve the determination of executive officer compensation, they have different focuses. Item 407(e) focuses on the company's corporate governance structure that is in place for considering and determining executive and director compensation – such as the scope of authority of the compensation committee and others in making these determinations, as well as the resources utilized by the committee.  In contrast, the Compensation Discussion and Analysis focuses on material information about the compensation policies and objectives of the company and seeks to put the quantitative disclosure about named executive officer compensation into perspective.  We believe it is appropriate to discuss each of these matters separately and, accordingly, we have not combined them.

As for the required disclosure regarding compensation consultants, some commenters objected to the proposed requirements,[494] while other commenters suggested expanding the requirement to include, among other things, a discussion of the work performed by the compensation consultant for the company or others.[495]  In addition, some commenters suggested deleting the requirement in proposed Item 407(e) that companies identify any executive officer of the company that the compensation consultants contacted in carrying out their assignment.[496]  We continue to believe that the

---

[493]    See, e.g., letters from J. Brill 1; Hewitt; Mercer; Pearl Meyer & Partners; and SCSGP.

[494]    See, e.g., letters from Buck Consultants; Chamber of Commerce; Hewitt; Pearl Meyer & Partners; Mercer; and Steven Hall & Partners.

[495]    See, e.g., letters from Brian Foley & Co.; 3C-Compensation Consulting Consortium; BCIMC; CFA Centre 1; Governance for Owners; Michelle Leder; James McFadden; Institutional Investor Group; SBAF; and Theodore Schlissel.

[496]    See, e.g., letters from Compensia; FedEx Corporation; Hewitt; and Mercer.

involvement of compensation consultants and their interaction with the compensation committee is material information that should be required.  However, we are persuaded that disclosure regarding any executive officers of the company that the compensation consultants contacted in carrying out their assignment is not necessary.  Therefore, we are adopting the compensation consultant disclosure requirement in Item 407(e) as proposed, except for the required disclosure regarding contacts with executive officers, which has not been adopted.[497]

Further, the amendments consolidate into this compensation committee disclosure requirement the disclosure requirements regarding compensation committee interlocks and insider participation in compensation decisions, as proposed.[498]

Finally, for registrants other than registered investment companies, the amendments eliminate an existing proxy disclosure requirement regarding directors who have resigned or declined to stand for re-election[499] which is no longer necessary since it has been superseded by a disclosure requirement in Form 8-K.[500]  For registered investment companies, which do not file current reports on Form 8-K, the requirement has been moved to Item 22(b) of Schedule 14A.[501]  Also as proposed, the amendments combine various proxy disclosure requirements regarding board meetings and

---

[497]    Under the rules as adopted, disclosure would also not be required under this Item if an employee of a consulting firm met with company management to work on matters not involving compensation.  See letter from Hewitt.

[498]    Prior to these amendments, disclosure regarding compensation committee interlocks and insider participation in compensation decisions was required by Item 402(j).

[499]    Prior to these amendments, this disclosure was required by Item 7(g) of Schedule 14A.

[500]    Item 5.02(a) of Form 8-K.

[501]    Item 22(b)(17) of Schedule 14A.

178

committees into one location.[502]    In addition, we are adopting as proposed two instructions to Item 407 to combine repetitive provisions, one relating to independence disclosure, and the other relating to board committee charters.[503]

### E.    Treatment of Specific Types of Issuers

### 1.    Small Business Issuers

We are adopting amendments to Item 404 of Regulation S-B substantially as proposed.  Amended Item 404 of Regulation S-B is substantially similar to amended Item 404 of Regulation S-K, except for the following two matters:

- paragraph (b) of Item 404 of Regulation S-K relating to policies and procedures for reviewing related person transactions is not included in Regulation S-B, and

- Regulation S-B provides for a disclosure threshold of the lesser of $120,000 or one percent of the average of the small business issuer's total assets at year-end for the last three completed fiscal years,[504] to require disclosure for small business issuers that may have material related person transactions even though smaller than the absolute dollar amount of $120,000.

Both amended items consist of disclosure requirements regarding related person transactions and promoters.  These provisions of Item 404 of Regulation S-B are substantially identical to those of Item 404 of Regulation S-K, except for certain changes

---

[502]    Item 407(b) includes disclosure requirements previously specified in paragraphs (d)(1), (f), and (h)(3) of Item 7 of Schedule 14A.

[503]    Instructions 1 and 2 to Item 407.  Instruction 2 also includes as proposed a requirement that the charter be provided if it is materially amended.

[504]    We are revising Item 404(a) of Regulation S-B from the proposal to clarify that the determination of a small business issuer's total assets for purposes of this Item shall be made as of the issuer's fiscal year-end for its last three completed fiscal years.

conforming amended Item 404 of Regulation S-B to former Item 404 of Regulation S-B.

These changes consist of the following:

- retaining in amended Item 404 of Regulation S-B an instruction in former Item 404 of Regulation S-B regarding underwriting discounts and commissions;[505] and

- not including an instruction in amended Item 404 of Regulation S-B regarding the treatment of foreign private issuers that is included in amended Item 404 of Regulation S-K.[506]

The two year time period for disclosure embodied in Item 404 of Regulation S-B prior to these amendments was retained in the principle for disclosure in proposed Item 404(a) of Regulation S-B.  Amended Item 404(a) of Regulation S-B continues to require two years of disclosure, but does so by including an instruction to Item 404(a) of Regulation S-B[507] requiring a second year of disclosure, rather than by including the two year time period in the principle for disclosure in Item 404(a) of Regulation S-B as was proposed.  This change from the proposal clarifies that for purposes of applying the definition of "related person" to determine whether disclosure is required of a transaction that occurred prior to a person having the relationship that resulted in the person becoming a related person, a one year time period should be used rather than a two year time period.[508]  This change from the proposal also results in the structure of Item 404(a) of Regulation S-B more closely resembling the structure of Item 404(a) of Regulation S-K, particularly in

---

[505]    Instruction 8 to Item 404(a) of Regulation S-B.

[506]    This is consistent with the requirements of Regulation S-B prior to these amendments.

[507]    Instruction 9 to Item 404(a) of Regulation S-B.

[508]    For example, if an employee had a material interest in a transaction with the small business issuer which occurred in February 2005 and then became an executive officer in July 2005, disclosure would be required in the small business issuer's Form 10-KSB for the fiscal year ended December

180

situations where Item 404(a) of Regulation S-K applies to time periods longer than one year.

In addition, amended Item 404 of Regulation S-B retains a paragraph requiring disclosure of a list of all parents of the small business issuer showing the basis of control and as to each parent, the percentage of voting securities owned or other basis of control by the small business issuer's immediate parent, if any.[509]

One conforming change that we are not making to Regulation S-B, however, concerns the calculation of a related person's interest in a given transaction. Prior to today's amendments, Item 404(a) of Regulation S-B differed from Item 404(a) of Regulation S-K with respect to, among other things, the calculation of the dollar value of a person's interest in a related person transaction. Prior to these amendments, Instruction 4 to Item 404(a) of Regulation S-K had specifically provided that the amount of such interest was to be computed without regard to the amount of profit or loss involved in the transaction. In contrast, Item 404(a) of Regulation S-B contained no such instruction prior to these amendments. We are adopting amendments as proposed so that the method of calculation of a related person's interest in a transaction will be the same for both Regulation S-B and Regulation S-K. We believe that differences, if any, between the types of transactions that small business issuers may engage in with related persons as compared to transactions of larger issuers would not warrant a different approach for calculating a related person's interest in a transaction.

---

31, 2005. However, if the transaction had occurred in February 2004, disclosure would not be required in the small business issuer's 2005 Form 10-KSB.

[509]    Item 404(b) of Regulation S-B.

As proposed, new Item 407 of Regulation S-K is substantially identical to new Item 407 of Regulation S-B,[510] except that it would not require disclosure regarding compensation committee interlocks and insider participation in compensation decisions or the Compensation Committee Report, since Regulation S-B did not require disclosure of this information prior to adoption of these amendments.

### 2.   Foreign Private Issuers

Before today's amendments, a foreign private issuer would be deemed to comply with Item 404 of Regulation S-K if it provided the information required by Item 7.B. of Form 20-F.  The amendments retain this approach, but require that if more detailed information is otherwise made publicly available or required to be disclosed by the issuer's home jurisdiction or a market in which its securities are listed or traded, that same information must also be disclosed pursuant to Item 404.[511]

### 3.   Registered Investment Companies

We are revising Items 7 and 22(b) of Schedule 14A, substantially as proposed, to reflect the reorganization that we have undertaken with respect to operating companies. Under the amendments, information that was required to be provided by registered investment companies under Item 7 prior to the amendments is instead required by Item 22(b).[512]  The requirements of Item 7 that prior to the amendments applied to registered investment companies regarding the nominating and audit committees, board meetings,

---

[510]   The requirements that were specified in paragraphs (e), (f), and (g) of Item 401 of Regulation S-B prior to these amendments are now specified in paragraphs (d)(5), (d)(4) and (c)(3), respectively, of Item 407 of Regulation S-B.

[511]   Instruction 2 to Item 404 of Regulation S-K.

[512]   Amendments to Item 7(e) of Schedule 14A.  Business development companies will furnish the information required by Item 7 of Schedule 14A, in addition to the information required by Items 8 and 22(b) of Schedule 14A.  See amendments to Items 7, 8, and 22(b) of Schedule 14A.

the nominating process, and shareholder communications generally will be included in Item 22(b) by cross-references to the appropriate paragraphs of new Item 407 of Regulation S-K.[513]  The substance of these requirements has not been altered.  In addition, the revisions to Item 22(b) directly incorporate disclosures relating to the independence of members of nominating and audit committees that are similar to those contained in new Item 407(a) of Regulation S-K and contained in Item 7 prior to the amendments.[514]  We are also adding instructions that are similar to new Instruction 1 to Item 407(a).[515]

As proposed, we are also raising from $60,000 to $120,000 the threshold for disclosure of certain interests, transactions, and relationships of each director or nominee for election as director who is not or would not be an "interested person" of an investment company within the meaning of Section 2(a)(19) of the Investment Company

---

[513]  Amendments to Items 22(b)(15)(i) and (ii)(A) and 22(b)(16)(i) of Schedule 14A.  Amended Item 22(b)(15)(i) requires the information required by new Items 407(b)(1) and (2) and (f), corresponding to the information that registered investment companies have been required to provide pursuant to Items 7(f) and 7(h) prior to today's amendments.  Amended Item 22(b)(15)(ii)(A) requires the information required by new Items 407(c)(1) and (2), corresponding to the information that registered investment companies have been required to provide pursuant to Items 7(d)(2)(i) and 7(d)(2)(ii) (other than the nominating committee independence disclosures required prior to today's amendments by Item 7(d)(2)(ii)(C)).  Amended Item 22(b)(16)(i) requires closed-end investment companies to provide the information required by new Items 407(d)(1) through (3), corresponding to the information that closed-end investment companies have been required to provide prior to today's amendments pursuant to Item 7(d)(3) (other than the audit committee independence disclosures required prior to today's amendments by Items 7(d)(3)(iv)(A)(1) and (B)).

[514]  Amendments to Items 22(b)(15)(ii)(B) and (16)(ii) of Schedule 14A.  Amended Item 22(b)(15)(ii)(B) requires disclosure about the independence of nominating committee members that is similar to those required by Item 7(d)(2)(ii)(C) prior to today's amendments and amended Item 22(b)(16)(ii) requires disclosure about the independence of audit committee members that is similar to those required by Items 7(d)(3)(iv)(A)(1) and (B) prior to today's amendments.

[515]  Instruction to Item 22(b)(15)(ii)(B) of Schedule 14A; Instruction to Item 22(b)(16)(ii) of Schedule 14A.

183

Act.[516]  This disclosure is required in investment company proxy and information statements and registration statements.  The increase in the disclosure threshold corresponds to the increase in the disclosure threshold for amended Item 404 from $60,000 to $120,000.

### F.    Conforming Amendments

The changes to Item 404 necessitate conforming amendments to other rules that refer specifically to Item 404.

### 1.    Regulation Blackout Trading Restriction

We are adopting, as proposed, conforming changes to Regulation Blackout Trading Restriction,[517] also known as Regulation BTR, which we originally adopted to clarify the scope and operation of Section 306(a)[518] of the Sarbanes-Oxley Act of 2002 and to prevent evasion of the statutory trading restriction.[519]  Rule 100 of Regulation BTR defines terms used in Section 306(a) and Regulation BTR, including the term "acquired in connection with service or employment as a director or executive officer."[520]  Under this definition as originally adopted, one of the specified methods by which a

---

[516]    Amendments to Items 22(b)(7), 22(b)(8), and 22(b)(9) of Schedule 14A; amendments to Items 12(b)(6), 12(b)(7), and 12(b)(8) of Form N-1A; amendments to Items 18.9, 18.10, and 18.11 of Form N-2; amendments to Items 20(h), 20(i), and 20(j) of Form N-3.

[517]    17 CFR 245.100-104.

[518]    15 U.S.C. 7244(a), entitled "Prohibition of Insider Trading During Pension Fund Blackout Periods."

[519]    Insider Trades During Pension Fund Blackout Periods, Release No. 34-47225 (Jan. 22, 2003) [68 FR 4337].  Section 306(a) makes it unlawful for any director or executive officer of an issuer of any equity security (other than an exempted security), directly or indirectly, to purchase, sell, or otherwise acquire or transfer any equity security of the issuer (other than an exempted security) during any pension plan blackout period with respect to such equity security, if the director or executive officer acquires the equity security in connection with his or her service or employment as a director or executive officer.  This provision equalizes the treatment of corporate executives and rank-and-file employees with respect to their ability to engage in transactions involving issuer equity securities during a pension plan blackout period if the securities were acquired in connection with their service to, or employment with, the issuer.

[520]    This term is defined in Rule 100(a) of Regulation BTR.

director or executive officer directly or indirectly acquires equity securities in connection with such service is an acquisition "at a time when he or she was a director or executive officer, as a result of any transaction or business relationship described in paragraph (a) or (b) of Item 404 of Regulation S-K."[521]  To conform this provision of Regulation BTR to the Item 404 amendments, we are amending Rule 100(a)(2) so that it references only transactions described in paragraph (a) of Item 404, as we proposed.

### 2.    Rule 16b-3 Non-Employee Director Definition

We also are adopting conforming amendments to the definition of Non-Employee Director in Exchange Act Rule 16b-3.[522]  Section 16(b) provides an issuer (or shareholders suing on its behalf) the right to recover from an officer, director, or ten percent shareholder profits realized from a purchase and sale of issuer equity securities within a period of less than six months.  However, Rule 16b-3 exempts transactions between issuers of securities and their officers and directors if specified conditions are met.  In particular, acquisitions from and dispositions to the issuer are exempt if the transaction is approved in advance by the issuer's board of directors, or board committee composed solely of two or more Non-Employee Directors.[523]

Before adoption of these amendments, the definition of "Non-Employee Director," among other things, limited these directors to those who:

---

[521]    Rule 100(a)(2) of Regulation BTR.

[522]    Exchange Act Rule 16b-3(b)(3)(ii), which defines a Non-Employee Director of a closed-end investment company as "a director who is not an 'interested person' of the issuer, as that term is defined in Section 2(a)(19) of the Investment Company Act of 1940," is not amended.

[523]    Exchange Act Rules 16b-3(d)(1) and 16b-3(e).

- do not directly or indirectly receive compensation from the issuer, its parent or subsidiary for consulting or other non-director services, except for an amount that does not exceed the Item 404(a) dollar disclosure threshold;

- do not possess an interest in any other transaction for which Item 404(a) disclosure would be required; and

- are not engaged in a business relationship required to be disclosed under Item 404(b).

As described above, the Item 404 amendments substantially revise or rescind the Item 404 provisions on which the Non-Employee Director definition was based. To minimize potential disruptions and because no problems were brought to our attention regarding any aspect of the definition as it was stated before adoption of these amendments, we proposed a conforming amendment that would delete the provision referring to business relationships subject to disclosure under Item 404(b) as it was stated prior to today's amendments, without otherwise revising the text of the rule.

In the interest of providing certainty regarding Non-Employee Director status and to recognize corporate governance changes since the definition was adopted, one commenter suggested basing the definition instead on whether a director meets the independence standards under the rules of the principal national securities exchange where the company's securities are traded.[524] If the company has no securities traded on an exchange, the commenter suggested relying on the director's eligibility to serve on the issuer's audit committee under Exchange Act Section 10A(m) and Exchange Act Rule

---

[524]    See letter from Sullivan.

10A-3.[525]  We are not following the suggested approach.  As we stated in the Proposing

Release, the standards for an exemption from Section 16(b) liability should be readily

determinable by reference to the exemptive rule, and not variable depending upon where

the issuer's securities are listed.[526]  Further, basing the Non-Employee Director definition

on eligibility to serve on the issuer's audit committee could burden the audit committee

with a compensation committee function.

As proposed and adopted, the Non-Employee Director definition continues to

permit consulting and similar arrangements subject to limits measured by reference to the

revised Item 404(a) disclosure requirements.  Because the disclosure threshold of Item

404(a) is raised from $60,000 to $120,000, however, the effect in some cases may be to

permit previously ineligible directors to be Non-Employee Directors.  In other cases,

where revised Item 404(a) may require disclosure of director indebtedness and disclosure

of business relationships not subject to disclosure under former Item 404(b), some

formerly eligible directors may become ineligible.

In response to concerns of commenters about the potential difficulty of making a

determination,[527] we have revised the rule as it was proposed to include an additional

note to Rule 16b-3.[528]  The Non-Employee Director definition contemplates that the

director must satisfy the definition's tests at the time he or she votes to approve a

transaction.  For purposes of determining a director's status under those tests that are

based on Item 404(a), a company may rely on the disclosure provided under Item 404 of

---

[525]    15 U.S.C. 78j-1(m) and 17 CFR 240.10A-3.

[526]    Proposing Release at n. 309.

[527]    See, _e.g.,_ letter from SCSGP.

[528]    Note 4 to Rule 16b-3.

Regulation S-K for the issuer's most recent fiscal year contained in the most recent filing in which Item 404 disclosure is presented.[529]   Where a transaction disclosed in that filing was terminated before the director's proposed service as a Non-Employee Director, that transaction will not bar such service.  The issuer must believe in good faith that any current or contemplated transaction in which the director participates will not require Item 404(a) disclosure, based on information readily available to the issuer and the director at the time such director proposes to act as a Non-Employee Director.  At such time as the issuer believes in good faith, based on readily available information, that a current (or contemplated) transaction with a director will require Item 404(a) disclosure in a future filing, the director no longer is eligible to serve as a Non-Employee Director.  However, this determination does not result in retroactive loss of a Rule 16b-3 exemption for a transaction previously approved by the director while serving as a Non-Employee director consistent with the note.  In making determinations under the note, an issuer may rely on information it obtains from the director, for example pursuant to a response to an inquiry.

### 3.    Other Conforming Amendments

The changes to Item 404, along with the consolidation of provisions into Item 407, necessitate conforming amendments to various forms and schedules under the Securities Act and the Exchange Act.  The amendments modify:

---

[529]    As under Rule 16b-3 prior to these amendments, each test referring to Item 404 is measured by reference to Regulation S-K, even if the disclosure requirements applicable to the company are governed by Regulation S-B.

- forms that prior to these amendments required disclosure of the information required by Item 404 to instead require disclosure of the information required by amended Item 404 and new Item 407(a);[530]

- some forms that prior to these amendments required disclosure of the information required by Item 404(a) or by Items 404(a) and (c), to instead require disclosure of the information required by Items 404(a) and (b) as amended, or amended Item 404(a), as appropriate;[531]

- a form that prior to these amendments cross-referenced an instruction in Item 404 which we are eliminating to instead include the text of this instruction;[532]

- Item 7 of Schedule 14A, to require disclosure of the information required by new Item 407(a) rather than the disclosure that was required prior to these amendments by Item 404(b), to eliminate paragraphs (d)-(h) of Item 7 that were duplicative of new Item 407 and replace them with a requirement to disclose information specified by corresponding paragraphs of new Item 407;

- forms that prior to these amendments required disclosure of the information required by Item 402 to instead require disclosure of the information required by

---

[530]    See amendments to Item 15 of Form SB-2, Item 11(n) of Form S-1, Item 18(a)(7)(iii) and Item 19(a)(7)(iii) of Form S-4, Item 23 of Form S-11, Item 7 of Form 10, Item 13 of Form 10-K, Item 7 of Form 10-SB and Item 12 of Form 10-KSB.  The amendments to Forms SB-2, 10-SB and 10-KSB require disclosure of the information required by amended Item 404 and new Item 407(a) of Regulation S-B.

[531]    See amendment to Item 7(b) of Schedule 14A, which refers to amended Items 404(a) and (b), and Item 22(b)(11) and the Instruction to Item 22(b)(11) of Schedule 14A, and Item 5.02(c)(2) of Form 8-K, which refer to amended Item 404(a).  The amendments to Form 8-K that reference Regulation S-B require disclosure of the information required by amended Item 404(a) of Regulation S-B.

[532]    See amendments to Item 23 of Form S-11.

189

amended Item 402 and new Item 407(e)(4), and, in the case of proxy statements and annual reports on Form 10-K, new Item 407(e)(5);[533]

- some forms that prior to these amendments required disclosure of the information required by Item 401 to instead require disclosure of the information required by Item 401 as amended and paragraphs (c)(3), (d)(4) and/or (d)(5) of new Item 407, as appropriate;[534]

- forms that prior to these amendments required disclosure of the information required by Item 401(j), to instead require disclosure of the information required by new Item 407(c)(3);[535] and

- Item 10 of Form N-CSR to include a cross reference to new Item 407(c)(2)(iv) of Regulation S-K and new Item 22(b)(15) of Schedule 14A, in lieu of the former reference to Item 7(d)(2)(ii)(G) of Schedule 14A.

In addition, conforming amendments have been made to a provision in Regulation AB, which prior to these amendments required disclosure of the information required by Items 401, 402 and 404, so that instead it will require disclosure of the information required by

---

[533]   See amendments to Item 8 of Schedule 14A, Item 11(l) of Form S-1, General Instruction I.B.4.(c) of Form S-3, Items 18(a)(7)(ii) and 19(a)(7)(ii) of Form S-4, Item 22 of Form S-11, Item 6 of Form 10 and Item 11 of Form 10-K.

[534]   See amendments to General Instruction I.B.4.(c) of Form S-3, and Item 10 of Form 10-K, which refer to Item 401 and paragraphs (c)(3), (d)(4) and (d)(5) of new Item 407, and Item 7(b) of Schedule 14A, which refers to Item 401 and paragraphs (d)(4) and (d)(5) of new Item 407. The amendments to Form 10-KSB require disclosure of the information required by amended Item 401 and new Item 407(c)(3), (d)(4) and (d)(5) of Regulation S-B. We are not making any changes to the reference to Item 401 in Note G to Form 10-K, however, because the portion of Item 401 applicable in Note G (certain disclosure regarding executive officers) does not include the part of Item 401 that we are combining into new Item 407.

[535]   See amendments to Item 5 in Part II of Form 10-Q, and Item 5 in Part II of Form 10-QSB. The amendments to Item 5 in Part II of Form 10-QSB require disclosure of the information required by new Item 407(c)(3) of Regulation S-B.

190

amended Items 401, 402, 404 and paragraphs (a), (c)(3), (d)(4), (d)(5) and (e)(4) of new

Item 407.[536]

## VI.    Plain English Disclosure

We are adopting as proposed a requirement that most of the disclosure called for

by amended Items 402, 403, 404 and 407 be provided in plain English.  This plain

English requirement will apply when information responding to these items is included

(whether directly or through incorporation by reference) in reports required to be filed

under Exchange Act Sections 13(a) or 15(d).  Commenters were generally supportive of

the plain English requirement,[537] and some commenters suggested extending the plain

English requirements to the proxy statement as a whole and to other Commission

filings.[538]

In 1998, we adopted rule changes requiring issuers preparing prospectuses to

write the cover page, summary and risk factors section of prospectuses in plain English

and apply plain English principles to other portions of the prospectus.[539]  These rules

transformed the landscape of public offering disclosure and made prospectuses more

accessible to investors.  We believe that plain English principles should apply to the

disclosure requirements that we are adopting, so disclosure provided in response to those

requirements is easier to read and understand.  Clearer, more concise presentation of

---

[536]    See amendments to Item 1107(e) of Regulation AB.

[537]    See, e.g., letters from SCSGP; jointly, Angela Chappa, Annie Gabel and Michelle Prater; SBAF; and Standard Life.

[538]    See, e.g., letters from SCSGP; Foley; and Mercer.

[539]    Plain English Disclosure, Release No. 33-7497 (Jan. 28, 1998) [63 FR 6369] (adopting revisions to Securities Act Rule 421 [17 CFR 230.421]).  We have also required that risk factor disclosure included in annual reports and Summary Term Sheets in business combination filings be in plain English.  See Item 1A. to Form 10-K and Item 1001 of Regulation M-A [17 CFR 229.1001], respectively.

191

executive and director compensation, related person transactions, beneficial ownership and corporate governance matters can facilitate more informed investing and voting decisions in the face of complex information about these important areas.

We are adding Exchange Act Rules 13a-20 and 15d-20 to require that companies prepare their executive and director compensation, related person transaction, beneficial ownership and corporate governance disclosures included in Exchange Act reports using plain English, including the following principles:

- present information in clear, concise sections, paragraphs and sentences;

- use short sentences;

- use definite, concrete, everyday words;

- use the active voice;

- avoid multiple negatives;

- use descriptive headings and subheadings;

- use a tabular presentation or bullet lists for complex material, wherever possible;

- avoid legal jargon and highly technical business and other terminology;

- avoid frequent reliance on glossaries or defined terms as the primary means of explaining information;

- define terms in the glossary or other section of the document only if the meaning is unclear from the context;

- use a glossary only if it facilitates understanding of the disclosure; and

- in designing the presentation of the information, include pictures, logos, charts, graphs, schedules, tables or other design elements so long as the design is not misleading and the required information is clear, understandable, consistent with

192

applicable disclosure requirements and any other included information, drawn to scale and not misleading.

The new rule also provides additional guidance on drafting the disclosure that would comply with plain English principles, including guidance as to the following practices that companies should avoid:

- legalistic or overly complex presentations that make the substance of the disclosure difficult to understand;

- vague "boilerplate" explanations that are overly generic;

- complex information copied directly from legal documents without any clear and concise explanation of the provision(s); and

- disclosure repeated in different sections of the document that increases the size of the document but does not enhance the quality of the information.

Under the new rules, if disclosures about executive compensation, beneficial ownership, related person transaction or corporate governance matters are incorporated by reference into an Exchange Act report from a company's proxy or information statement, the disclosure is required to be in plain English in the proxy or information statement.[540]   The plain English rules are part of the disclosure rules applicable to filings required under Sections 13(a) and 15(d) of the Exchange Act.  We believe that these plain English requirements are best administered by the Commission under these rules, and therefore we are not at this time extending plain English requirements to the entire proxy statement or to other Commission filings.

---

[540]   See, e.g., General Instruction G(3) to Form 10-K and General Instruction E.3. to Form 10-KSB (specifying information that may be incorporated by reference from a proxy or information statement in an annual report on Form 10-K or 10-KSB).

193

We believe that several areas where commenters requested that information be required in a specific format, such as tables, are best addressed by application of our plain English principles. The plain English rules adopted today specifically provide that, in designing the presentation of the information, companies may include tables or other design elements, so long as the design is not misleading and the required information is clear, understandable, consistent with applicable disclosure requirements, consistent with any other included information, and not misleading.[541] In response to our request for comment, several commenters recommended using a separate supplemental table, rather than footnotes, to identify the components of All Other Compensation, including individual perquisites, reported in the Summary Compensation Table.[542] While we have not mandated such a separate table, we encourage companies to use additional tables wherever tabular presentation facilitates clearer, more concise disclosure. Several commenters also requested that we specifically permit tabular disclosure of the required potential post-employment payments disclosure.[543] Because of the difficulty of prescribing a single format that would cover all circumstances, the rule as proposed and adopted does not mandate tabular disclosure. However, consistent with the plain English principles that we adopt today, we encourage companies to develop their own tables to report post-termination compensation if such tabular presentation facilitates clearer, more concise disclosure. Similarly, while we do not require tabular presentation of the narrative disclosure following the director compensation table, such as a breakdown of

---

[541]    Of course, the tables required under the rules we adopt today must be included and cannot be modified except as specifically allowed for in the rules. See Item 402(a)(5) of Regulation S-K and Item 402(a)(4) of Regulation S-B.

[542]    See, e.g., letters from Amalgamated; CFA Centre 1; CII; IUE-CWA; Mercer; and SBAF.

[543]    See, e.g., letters from Buck Consultants; Frederic W. Cook & Co.; HRPA; ISS; Mercer; and The Value Alliance and Corporate Governance Alliance.

194

director fees, consistent with the plain English rules we adopt today, we encourage tabular presentation where it facilitates an understanding of the disclosure. Companies should also consider ways in which design elements such as tables can facilitate the presentation of the related person transaction disclosure and corporate governance disclosures.

## VII. Transition

A number of commenters recommended that we adopt the rules by September or October 2006 in order for companies to have sufficient time to implement them for the 2007 proxy season.[544] One commenter expressed concern on how the transition would apply to Securities Act registration statements.[545] In keeping with these comments, we believe we have adopted the new rules and amendments in sufficient time for compliance in the 2007 proxy season. Therefore, the compliance dates are as follows:

- for Forms 8-K, compliance is required for triggering events that occur 60 days or more after publication in the Federal Register;

- for Forms 10-K and 10-KSB, compliance is required for fiscal years ending on or after December 15, 2006;

- for proxy and information statements covering registrants other than registered investment companies, compliance is required for any proxy or information statements filed on or after December 15, 2006 that are required to include Item 402 and 404 disclosure for fiscal years ending on or after December 15, 2006;

---

[544]    See, e.g., letters from ABA; ACC; Brian Foley & Co.; Jesse Brill, Chair of CompensationStandards.com and Chair of the National Association of Stock Plan Professionals, dated April 28, 2006; Buck Consultants; Foley; Frederic W. Cook & Co.; Fried Frank; Mercer; and Sullivan.

[545]    See letter from BDO Seidman.

195

- for Securities Act registration statements covering registrants other than registered investment companies and Exchange Act registration statements (including pre-effective and post-effective amendments, as applicable), compliance is required for registration statements that are filed with the Commission on or after December 15, 2006 that are required to include Item 402 and 404 disclosure for fiscal years ending on or after December 15, 2006;

- for initial registration statements and post-effective amendments that are annual updates to effective registration statements that are filed on Forms N-1A, N-2 and N-3 (except those filed by business development companies), compliance is required for registration statements and post-effective amendments that are filed with the Commission on or after December 15, 2006; and

- for proxy and information statements covering registered investment companies, compliance is required for any new proxy or information statement filed on or after December 15, 2006.[546]

Commenters expressed some confusion concerning the periods for which disclosure under the new rules and amendments will be required during the transition from the former rules. As we noted in the Proposing Release, companies will not be required to "restate" compensation or related person transaction disclosure for fiscal years for which they previously were required to apply our rules prior to the effective date of today's amendments. This means, for example, that only the most recent fiscal

---

[546]    The amendments to the cross-references in Item 10 of Form N-CSR will appear in the Form concurrent with the effective date of the amendments to our proxy rules, and will be effective for a particular registrant's Forms N-CSR that are filed after the filing of any proxy statement that includes a response to new Item 407(c)(2)(iv) of Regulation S-K (as required by new Item 22(b)(15) of Schedule 14A). The substance of the information required by the Item has not been changed.

196

year will be required to be reflected in the revised Summary Compensation Table when the new rules and amendments applicable to the Summary Compensation Table become effective, and therefore the information for years prior to the most recent fiscal year will not have to be presented at all.  For the subsequent year's Summary Compensation Table, companies will be required to present only the most recent two fiscal years in the Summary Compensation Table, and for the next and all subsequent years will be required to present all three fiscal years in the Summary Compensation Table.[547]  As another example, if a calendar year-end company files its initial public offering on Form S-1 in November, the initial filing will contain compensation disclosure regarding 2005 following the prior rules.  If the registration statement does not become effective until after the Item 402 disclosure must be updated, then an amendment will have to be filed that includes the 2006 compensation information that complies with the rules we adopt today.  The Summary Compensation Table, however, will only contain the information for 2006 and will not need to contain the information restated from 2005.

This transition approach will result in phased-in implementation of the amended Summary Compensation Table and amended Item 404(a) disclosure over a three-year period for Regulation S-K companies, and a two-year period for Regulation S-B companies.  During this phase-in period, companies will not be required to present prior years' compensation disclosure or Item 404(a) disclosure under the former rules.

---

[547]    The other amended executive and director compensation disclosure requirements which relate to the last completed fiscal year will not be affected by this transition approach.  The Summary Compensation Table will be treated differently because, as amended, it requires disclosure of compensation to the named executive officers for the last three fiscal years.