# EXHIBIT G

# EXHIBIT G-1

| Code of Federal Regulations |
| --- |
| Title 17. Commodity and Securities Exchanges |
| Chapter II. Securities and Exchange Commission |
| Part 229. Standard Instructions for Filing Forms Under Securities Act of 1933, Securities Exchange Act of 1934 and Energy Policy and Conservation Act of 1975—Regulation S–K (Refs & Annos) |
| Subpart 229.400. Management and Certain Security Holders |

This section has been updated. Click here for the updated version.

17 C.F.R. § 229.404

## § 229.404 (Item 404) Certain relationships and related transactions.

Effective: [See Text Amendments] to November 6, 2006

<Text of section effective until Nov. 7, 2006.>

(a) Transactions with management and others. Describe briefly any transaction, or series of similar transactions, since the beginning of the registrant's last fiscal year, or any currently proposed transaction, or series of similar transactions, to which the registrant or any of its subsidiaries was or is to be a party, in which the amount involved exceeds $60,000 and in which any of the following persons had, or will have, a direct or indirect material interest, naming such person and indicating the person's relationship to the registrant, the nature of such person's interest in the transaction(s), the amount of such transaction(s) and, where practicable, the amount of such person's interest in the transaction(s):

(1) Any director or executive officer of the registrant;

(2) Any nominee for election as a director;

(3) Any security holder who is known to the registrant to own of record or beneficially more than five percent of any class of the registrant's voting securities; and

(4) Any member of the immediate family of any of the foregoing persons.

Instructions to Paragraph (a) of Item 404:

1. The materiality of any interest is to be determined on the basis of the significance of the information to investors in light of all the circumstances of the particular case. The importance of the interest to the person having the interest, the

relationship of the parties to the transaction with each other and the amount involved in the transactions are among the factors to be considered in determining the significance of the information to investors.

2. For purposes of paragraph (a), a person's immediate family shall include such person's spouse; parents; children; siblings; mothers and fathers-in-law; sons and daughters-in-law; and brothers and sisters-in-law.

3. In computing the amount involved in the transaction or series of similar transactions, include all periodic installments in the case of any lease or other agreement providing for periodic payments or installments.

4. The amount of the interest of any person specified in paragraphs (a)(1) through (4) shall be computed without regard to the amount of the profit or loss involved in the transaction(s).

5. In describing any transaction involving the purchase or sale of assets by or to the registrant or any of its subsidiaries, otherwise than in the ordinary course of business, state the cost of the assets to the purchaser and, if acquired by the seller within two years prior to the transaction, the cost thereof to the seller. Indicate the principle followed in determining the registrant's purchase or sale price and the name of the person making such determination.

6. Information shall be furnished in answer to paragraph (a) with respect to transactions that involve remuneration from the registrant or its subsidiaries, directly or indirectly, to any of the persons specified in paragraphs (a)(1) through (4) for services in any capacity unless the interest of such person arises solely from the ownership individually and in the aggregate of less than ten percent of any class of equity securities of another corporation furnishing the services to the registrant or its subsidiaries.

7. No information need be given in answer to paragraph (a) as to any transactions where:

A. The rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common or contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority;

B. The transaction involves services as a bank depositary of funds, transfer agent, registrar, trustee under a trust indenture, or similar services; or

C. The interest of the person specified in paragraphs (a)(1) through (4) arises solely from the ownership of securities of the registrant and such person receives no extra or special benefit not shared on a pro rata basis.

8. Paragraph (a) requires disclosure of indirect, as well as direct, material interests in transactions. A person who has a position or relationship with a firm, corporation, or other entity that engages in a transaction with the registrant or its subsidiaries may have an indirect interest in such transaction by reason of such position or relationship. Such an interest, however, shall not be deemed "material" within the meaning of paragraph (a) where:

A. The interest arises only: (i) From such person's position as a director of another corporation or organization which is a party to the transaction; or (ii) from the direct or indirect ownership by such person and all other persons specified in paragraphs (a)(1) through (4), in the aggregate, of less than a ten percent equity interest in another person (other than a partnership) which is a party to the transaction; or (iii) from both such position and ownership;

§ 229.404 (Item 404) Certain relationships and related transactions., 17 C.F.R. § 229.404

B. The interest arises only from such person's position as a limited partner in a partnership in which the person and all other persons specified in paragraphs (a)(1) through (4) have an interest of less than ten percent; or

C. The interest of such person arises solely from the holding of an equity interest (including a limited partnership interest, but excluding a general partnership interest) or a creditor interest in another person that is a party to the transaction with the registrant or any of its subsidiaries, and the transaction is not material to such other person.

9. There may be situations where, although these instructions do not expressly authorize nondisclosure, the interest of a person specified in paragraphs (a)(1) through (4) in a particular transaction or series of transactions is not a direct or indirect material interest. In that case, information regarding such interest and transaction is not required to be disclosed in response to this paragraph.

(b) Certain business relationships. Describe any of the following relationships regarding directors or nominees for director that exist, or have existed during the registrant's last fiscal year, indicating the identity of the entity with which the registrant has such a relationship, the name of the nominee or director affiliated with such entity and the nature of such nominee's or director's affiliation, the relationship between such entity and the registrant and the amount of the business done between the registrant and the entity during the registrant's last full fiscal year or proposed to be done during the registrant's current fiscal year:

(1) If the nominee or director is, or during the last fiscal year has been, an executive officer of, or owns, or during the last fiscal year has owned, of record or beneficially in excess of ten percent equity interest in, any business or professional entity that has made during the registrant's last full fiscal year, or proposes to make during the registrant's current fiscal year, payments to the registrant or its subsidiaries for property or services in excess of five percent of (i) the registrant's consolidated gross revenues for its last full fiscal year, or (ii) the other entity's consolidated gross revenues for its last full fiscal year;

(2) If the nominee or director is, or during the last fiscal year has been, an executive officer of, or owns, or during the last fiscal year has owned, of record or beneficially in excess of ten percent equity interest in, any business or professional entity to which the registrant or its subsidiaries has made during the registrant's last full fiscal year, or proposes to make during the registrant's current fiscal year, payments for property or services in excess of five percent of (i) the registrant's consolidated gross revenues for its last full fiscal year, or (ii) the other entity's consolidated gross revenues for its last full fiscal year;

(3) If the nominee or director is, or during the last fiscal year has been, an executive officer of, or owns, or during the last fiscal year has owned, of record or beneficially in excess of ten percent equity interest in, any business or professional entity to which the registrant or its subsidiaries was indebted at the end of the registrant's last full fiscal year in an aggregate amount in excess of five percent of the registrant's total consolidated assets at the end of such fiscal year;

(4) If the nominee or director is, or during the last fiscal year has been, a member of, or of counsel to, a law firm that the issuer has retained during the last fiscal year or proposes to retain during the current fiscal year; Provided, however, that

the dollar amount of fees paid to a law firm by the registrant need not be disclosed if such amount does not exceed five percent of the law firm's gross revenues for that firm's last full fiscal year;

(5) If the nominee or director is, or during the last fiscal year has been, a partner or executive officer of any investment banking firm that has performed services for the registrant, other than as a participating underwriter in a syndicate, during the last fiscal year or that the registrant proposes to have perform services during the current year; Provided, however, That the dollar amount of compensation received by an investment banking firm need not be disclosed if such amount does not exceed five percent of the investment banking firm's consolidated gross revenues for that firm's last full fiscal year; or

(6) Any other relationships that the registrant is aware of between the nominee or director and the registrant that are substantially similar in nature and scope to those relationships listed in paragraphs (b)(1) through (5).

Instructions to Paragraph (b) of Item 404:

1. In order to determine whether payments or indebtedness exceed five percent of the consolidated gross revenues of any entity, other than the registrant, it is appropriate to rely on information provided by the nominee or director.

2. In calculating payments for property and services the following may be excluded:

A. Payments where the rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority;

B. Payments that arise solely from the ownership of securities of the registrant and no extra or special benefit not shared on a pro rata basis by all holders of the class of securities is received; or

C. Payments made or received by subsidiaries other than significant subsidiaries as defined in Rule 1–02(w) of Regulation S–X [§ 210.1–02(w) of this chapter], provided that all such subsidiaries making or receiving payments, when considered in the aggregate as a single subsidiary, would not constitute a significant subsidiary as defined in Rule 1–02(w).

3. In calculating indebtedness the following may be excluded:

A. Debt securities that have been publicly offered, admitted to trading on a national securities exchange, or quoted on the automated quotation system of a registered securities association;

B. Amounts due for purchases subject to the usual trade terms; or

C. Indebtedness incurred by subsidiaries other than significant subsidiaries as defined in Rule 1–02(w) of Regulation S–X [§ 210.1–02(w) of this chapter], provided that all such subsidiaries incurring indebtedness, when considered in the

§ 229.404 (Item 404) Certain relationships and related transactions., 17 C.F.R. § 229.404

aggregate as a single subsidiary, would not constitute a significant subsidiary as defined in Rule 1–02(w).

4. No information called for by paragraph (b) need be given respecting any director who is no longer a director at the time of filing the registration statement or report containing such disclosure. If such information is being presented in a proxy or information statement, no information need be given respecting any director whose term of office as a director will not continue after the meeting to which the statement relates.

(c) Indebtedness of management. If any of the following persons has been indebted to the registrant or its subsidiaries at any time since the beginning of the registrant's last fiscal year in an amount in excess of $60,000, indicate the name of such person, the nature of the person's relationship by reason of which such person's indebtedness is required to be described, the largest aggregate amount of indebtedness outstanding at any time during such period, the nature of the indebtedness and of the transaction in which it was incurred, the amount thereof outstanding as of the latest practicable date and the rate of interest paid or charged thereon:

(1) Any director or executive officer of the registrant;

(2) Any nominee for election as a director;

(3) Any member of the immediate family of any of the persons specified in paragraph (c)(1) or (2);

(4) Any corporation or organization (other than the registrant or a majority-owned subsidiary of the registrant) of which any of the persons specified in paragraph (c)(1) or (2) is an executive officer or partner or is, directly or indirectly, the beneficial owner of ten percent or more of any class of equity securities; and

(5) Any trust or other estate in which any of the persons specified in paragraph (c)(1) or (2) has a substantial beneficial interest or as to which such person serves as a trustee or in a similar capacity.

Instructions to Paragraph (c), of Item 404:

1. For purposes of paragraph (c), the members of a person's immediate family are those persons specified in Instruction 2 to Item 404(a).

2. Exclude from the determination of the amount of indebtedness all amounts due from the particular person for purchases subject to usual trade terms, for ordinary travel and expense payments and for other transactions in the ordinary course of business.

3. If the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T [12 CFR part 220] and the loans are not disclosed as nonaccrual, past due, restructured or potential

§ 229.404 (Item 404) Certain relationships and related transactions., 17 C.F.R. § 229.404

problems (see Item III.C. 1. and 2. of Industry Guide 3, Statistical Disclosure by Bank Holding Companies), disclosure may consist of a statement, if such is the case, that the loans to such persons (A) were made in the ordinary course of business. (B) were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable transactions with other persons, and (C) did not involve more than the normal risk of collectibility or present other unfavorable features.

4. If any indebtedness required to be described arose under Section 16(b) of the Exchange Act and has not been discharged by payment, state the amount of any profit realized, that such profit will inure to the benefit of the registrant or its subsidiaries and whether suit will be brought or other steps taken to recover such profit. If, in the opinion of counsel, a question reasonably exists as to the recoverability of such profit, it will suffice to state all facts necessary to describe the transactions, including the prices and number of shares involved.

(d) Transactions with promoters. Registrants that have been organized within the past five years and that are filing a registration statement on Form S–1 under the Securities Act (§ 239.11 of this chapter) or on Form 10 and Form 10–SB under the Exchange Act (§ 239.210 of this chapter) shall:

(1) State the names of the promoters, the nature and amount of anything of value (including money, property, contracts, options or rights of any kind) received or to be received by each promoter, directly or indirectly, from the registrant and the nature and amount of any assets, services or other consideration therefore received or to be received by the registrant; and

(2) As to any assets acquired or to be acquired by the registrant from a promoter, state the amount at which the assets were acquired or are to be acquired and the principle followed or to be followed in determining such amount and identify the persons making the determination and their relationship, if any, with the registrant or any promoter. If the assets were acquired by the promoter within two years prior to their transfer to the registrant, also state the cost thereof to the promoter.

Instructions to Item 404:

1. No information need be given in response to any paragraph of Item 404 as to any compensation or other transaction reported in response to any other paragraph of Item 404 or to Item 402 of Regulation S–K (§ 229.402 of this chapter) or as to any compensation with respect to which information may be omitted pursuant to Item 402.

2. If the information called for by Item 404 is being presented in a registration statement filed pursuant to the Securities Act or the Exchange Act, information shall be given for the periods specified in the Item and, in addition, for the two fiscal years preceding the registrant's last fiscal year.

3. A foreign private issuer will be deemed to comply with Item 404 if it provides the information required by Item 7.B of Form 20–F (17 CFR 249.220f).

**Credits**

§ 229.404 (Item 404) Certain relationships and related transactions., 17 C.F.R. § 229.404

[47 FR 55665, Dec. 13, 1982; 48 FR 37612, Aug. 19, 1983; 48 FR 44475, Sept. 29, 1983; 56 FR 30053, 30054, July 1, 1991; 59 FR 65637, Dec. 20, 1994; 64 FR 53909, Oct. 5, 1999]

SOURCE: 47 FR 11401, March 16, 1982; 67 FR 246, Jan. 2, 2002; 67 FR 13536, March 22, 2002; 67 FR 57287, Sept. 9, 2002; 68 FR 4831, Jan. 30, 2003; 68 FR 5127, Jan. 31, 2003; 68 FR 5999, Feb. 5, 2003; 68 FR 18817, April 16, 2003; 68 FR 36663, June 18, 2003; 68 FR 64969, Nov. 17, 2003; 68 FR 67009, Nov. 28, 2003; 68 FR 69221, Dec. 11, 2003; 69 FR 15615, March 25, 2004; 71 FR 76595, Dec. 21, 2006; 71 FR 78350, Dec. 29, 2006; 76 FR 6042, Feb. 2, 2011; 77 FR 38453, June 27, 2012; 80 FR 50184, Aug. 18, 2015; 81 FR 2747, Jan. 19, 2016; 82 FR 17552, April 12, 2017, unless otherwise noted.

AUTHORITY: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77z–2, 77z–3, 77aa(25), 77aa(26), 77ddd, 77eee, 77ggg, 77hhh, 77iii, 77jjj, 77nnn, 77sss, 78c, 78i, 78j, 78j–3, 78*l*, 78m, 78n, 78n–1, 78*o*, 78u–5, 78w, 78*ll*, 78 mm, 80a–8, 80a–9, 80a–20, 80a–29, 80a–30, 80a–31(c), 80a–37, 80a–38(a), 80a–39, 80b–11 and 7201 et seq.; 18 U.S.C. 1350; sec. 953(b), Pub.L. 111–203, 124 Stat. 1904 (2010); and sec. 102(c), Pub.L. 112–106, 126 Stat. 310 (2012).

**End of Document**                                         © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT G-2

| |
|---|
| Code of Federal Regulations |
| Title 17. Commodity and Securities Exchanges |
| Chapter II. Securities and Exchange Commission |
| Part 229. Standard Instructions for Filing Forms Under Securities Act of 1933, Securities Exchange Act of 1934 and Energy Policy and Conservation Act of 1975—Regulation S–K (Refs & Annos) |
| Subpart 229.400. Management and Certain Security Holders |

This section has been updated. Click here for the updated version.

17 C.F.R. § 229.404

## § 229.404 (Item 404) Transactions with related persons, promoters and certain control persons.

Effective: November 7, 2006 to February 3, 2008

<For compliance date(s) of amendment(s) to section, see 73 FR 934.>

(a) Transactions with related persons. Describe any transaction, since the beginning of the registrant's last fiscal year, or any currently proposed transaction, in which the registrant was or is to be a participant and the amount involved exceeds $120,000, and in which any related person had or will have a direct or indirect material interest. Disclose the following information regarding the transaction:

(1) The name of the related person and the basis on which the person is a related person.

(2) The related person's interest in the transaction with the registrant, including the related person's position(s) or relationship(s) with, or ownership in, a firm, corporation, or other entity that is a party to, or has an interest in, the transaction.

(3) The approximate dollar value of the amount involved in the transaction.

(4) The approximate dollar value of the amount of the related person's interest in the transaction, which shall be computed without regard to the amount of profit or loss.

(5) In the case of indebtedness, disclosure of the amount involved in the transaction shall include the largest aggregate amount of principal outstanding during the period for which disclosure is provided, the amount thereof outstanding as of the latest practicable date, the amount of principal paid during the periods for which disclosure is provided, the amount

of interest paid during the period for which disclosure is provided, and the rate or amount of interest payable on the indebtedness.

(6) Any other information regarding the transaction or the related person in the context of the transaction that is material to investors in light of the circumstances of the particular transaction.

Instructions to Item 404(a).

1. For the purposes of paragraph (a) of this Item, the term related person means:

a. Any person who was in any of the following categories at any time during the specified period for which disclosure under paragraph (a) of this Item is required:

i. Any director or executive officer of the registrant;

ii. Any nominee for director, when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director; or

iii. Any immediate family member of a director or executive officer of the registrant, or of any nominee for director when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such director, executive officer or nominee for director, and any person (other than a tenant or employee) sharing the household of such director, executive officer or nominee for director; and

b. Any person who was in any of the following categories when a transaction in which such person had a direct or indirect material interest occurred or existed:

i. A security holder covered by Item 403(a) (§ 229.403(a)); or

ii. Any immediate family member of any such security holder, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such security holder, and any person (other than a tenant or employee) sharing the household of such security holder.

2. For purposes of paragraph (a) of this Item, a transaction includes, but is not limited to, any financial transaction, arrangement or relationship (including any indebtedness or guarantee of indebtedness) or any series of similar transactions, arrangements or relationships.

3. The amount involved in the transaction shall be computed by determining the dollar value of the amount involved in the transaction in question, which shall include:

a. In the case of any lease or other transaction providing for periodic payments or installments, the aggregate amount of all periodic payments or installments due on or after the beginning of the registrant's last fiscal year, including any required or optional payments due during or at the conclusion of the lease or other transaction providing for periodic payments or installments; and

b. In the case of indebtedness, the largest aggregate amount of all indebtedness outstanding at any time since the beginning of the registrant's last fiscal year and all amounts of interest payable on it during the last fiscal year.

4. In the case of a transaction involving indebtedness:

a. The following items of indebtedness may be excluded from the calculation of the amount of indebtedness and need not be disclosed: Amounts due from the related person for purchases of goods and services subject to usual trade terms, for ordinary business travel and expense payments and for other transactions in the ordinary course of business;

b. Disclosure need not be provided of any indebtedness transaction for the related persons specified in Instruction 1.b. to paragraph (a) of this Item; and

c. If the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T (12 CFR part 220) and the loans are not disclosed as nonaccrual, past due, restructured or potential problems (see Item III.C.1. and 2. of Industry Guide 3, Statistical Disclosure by Bank Holding Companies (17 CFR 229.802(c))), disclosure under paragraph (a) of this Item may consist of a statement, if such is the case, that the loans to such persons:

i. Were made in the ordinary course of business;

ii. Were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable loans with persons not related to the lender; and

iii. Did not involve more than the normal risk of collectibility or present other unfavorable features.

5.a. Disclosure of an employment relationship or transaction involving an executive officer and any related compensation solely resulting from that employment relationship or transaction need not be provided pursuant to paragraph (a) of this Item if:

i. The compensation arising from the relationship or transaction is reported pursuant to Item 402 (§ 229.402); or

ii. The executive officer is not an immediate family member (as specified in Instruction 1 to paragraph (a) of this Item) and such compensation would have been reported under Item 402 (§ 229.402) as compensation earned for services to the registrant if the executive officer was a named executive officer as that term is defined in Item 402(a)(3) (§ 229.402(a)(3)), and such compensation had been approved, or recommended to the board of directors of the registrant for approval, by the compensation committee of the board of directors (or group of independent directors performing a similar function) of the registrant.

b. Disclosure of compensation to a director need not be provided pursuant to paragraph (a) of this Item if the compensation is

reported pursuant to Item 402(k) (§ 229.402(k)).

6. A person who has a position or relationship with a firm, corporation, or other entity that engages in a transaction with the registrant shall not be deemed to have an indirect material interest within the meaning of paragraph (a) of this Item where:

a. The interest arises only:

i. From such person's position as a director of another corporation or organization that is a party to the transaction; or

ii. From the direct or indirect ownership by such person and all other persons specified in Instruction 1 to paragraph (a) of this Item, in the aggregate, of less than a ten percent equity interest in another person (other than a partnership) which is a party to the transaction; or

iii. From both such position and ownership; or

b. The interest arises only from such person's position as a limited partner in a partnership in which the person and all other persons specified in Instruction 1 to paragraph (a) of this Item, have an interest of less than ten percent, and the person is not a general partner of and does not hold another position in the partnership.

7. Disclosure need not be provided pursuant to paragraph (a) of this Item if:

a. The transaction is one where the rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common or contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority;

b. The transaction involves services as a bank depositary of funds, transfer agent, registrar, trustee under a trust indenture, or similar services; or

c. The interest of the related person arises solely from the ownership of a class of equity securities of the registrant and all holders of that class of equity securities of the registrant received the same benefit on a pro rata basis.

(b) Review, approval or ratification of transactions with related persons.

(1) Describe the registrant's policies and procedures for the review, approval, or ratification of any transaction required to be reported under paragraph (a) of this Item. While the material features of such policies and procedures will vary depending on the particular circumstances, examples of such features may include, in given cases, among other things:

(i) The types of transactions that are covered by such policies and procedures;

(ii) The standards to be applied pursuant to such policies and procedures;

(iii) The persons or groups of persons on the board of directors or otherwise who are responsible for applying such policies and procedures; and

(iv) A statement of whether such policies and procedures are in writing and, if not, how such policies and procedures are evidenced.

(2) Identify any transaction required to be reported under paragraph (a) of this Item since the beginning of the registrant's last fiscal year where such policies and procedures did not require review, approval or ratification or where such policies and procedures were not followed.

Instruction to Item 404(b).

Disclosure need not be provided pursuant to this paragraph regarding any transaction that occurred at a time before the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a) if such transaction did not continue after the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a).

(c) Promoters and certain control persons.

<Text of subsection (c)(1) intro. par. effective until Feb. 4, 2008.>

(1) Registrants that are filing a registration statement on Form S–1 or Form SB–2 under the Securities Act (§ 239.11 or § 239.10 of this chapter) or on Form 10 or Form 10–SB under the Exchange Act (§ 249.210 or § 249.210b of this chapter) and that had a promoter at any time during the past five fiscal years shall:

<Text of subsection (c)(1) intro. par. effective Feb. 4, 2008.>

(1) Registrants that are filing a registration statement on Form S–1 under the Securities Act (§ 239.11 of this chapter) or on Form 10 under the Exchange Act (§ 249.210 of this chapter) and that had a promoter at any time during the past five fiscal years shall:

(i) State the names of the promoter(s), the nature and amount of anything of value (including money, property, contracts, options or rights of any kind) received or to be received by each promoter, directly or indirectly, from the registrant and the nature and amount of any assets, services or other consideration therefore received or to be received by the registrant; and

(ii) As to any assets acquired or to be acquired by the registrant from a promoter, state the amount at which the assets were acquired or are to be acquired and the principle followed or to be followed in determining such amount, and identify the persons making the determination and their relationship, if any, with the registrant or any promoter. If the assets were acquired by the promoter within two years prior to their transfer to the registrant, also state the cost thereof to the promoter.

(2) Registrants shall provide the disclosure required by paragraphs (c)(1)(i) and (c)(1)(ii) of this Item as to any person who acquired control of a registrant that is a shell company, or any person that is part of a group, consisting of two or more persons that agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of a registrant, that acquired control of a registrant that is a shell company. For purposes of this Item, shell company has the same meaning as in Rule 405 under the Securities Act (17 CFR 230.405) and Rule 12b–2 under the Exchange Act (17 CFR 240.12b–2).

<Text of subsection (d) added by 73 FR 964, effective Feb. 4, 2008.>

(d) Smaller reporting companies. A registrant that qualifies as a "smaller reporting company," as defined by § 229.10(f)(1), must provide the following information in order to comply with this Item:

(1) The information required by paragraph (a) of this Item for the period specified there for a transaction in which the amount involved exceeds the lesser of $120,000 or one percent of the average of the smaller reporting company's total assets at year end for the last two completed fiscal years;

(2) The information required by paragraph (c) of this Item; and

(3) A list of all parents of the smaller reporting company showing the basis of control and as to each parent, the percentage of voting securities owned or other basis of control by its immediate parent, if any.

Instruction to Item 404(d)

1. Include information for any material underwriting discounts and commissions upon the sale of securities by the smaller reporting company where any of the persons specified in paragraph (a) of this Item was or is to be a principal underwriter or is a controlling person or member of a firm that was or is to be a principal underwriter.

2. For smaller reporting companies information shall be given for the period specified in paragraph (a) of this Item and, in addition, for the fiscal year preceding the small reporting company's last fiscal year.

Instructions to Item 404.

1. If the information called for by this Item is being presented in a registration statement filed pursuant to the Securities Act or the Exchange Act, information shall be given for the periods specified in the Item and, in addition, for the two fiscal years preceding the registrant's last fiscal year, unless the information is being incorporated by reference into a registration statement on Form S–4 (17 CFR 239.25), in which case, information shall be given for the periods specified in the Item.

2. A foreign private issuer will be deemed to comply with this Item if it provides the information required by Item 7.B. of Form 20–F (17 CFR 249.220f) with more detailed information provided if otherwise made publicly available or required to be disclosed by the issuer's home jurisdiction or a market in which its securities are listed or traded.

**Credits**

[47 FR 55665, Dec. 13, 1982; 48 FR 37612, Aug. 19, 1983; 48 FR 44475, Sept. 29, 1983; 56 FR 30053, 30054, July 1, 1991; 59 FR 65637, Dec. 20, 1994; 64 FR 53909, Oct. 5, 1999; 71 FR 53252, Sept. 8, 2006; 73 FR 964, Jan. 4, 2008]

SOURCE: 47 FR 11401, March 16, 1982; 67 FR 246, Jan. 2, 2002; 67 FR 13536, March 22, 2002; 67 FR 57287, Sept. 9, 2002; 68 FR 4831, Jan. 30, 2003; 68 FR 5127, Jan. 31, 2003; 68 FR 5999, Feb. 5, 2003; 68 FR 18817, April 16, 2003; 68 FR 36663, June 18, 2003; 68 FR 64969, Nov. 17, 2003; 68 FR 67009, Nov. 28, 2003; 68 FR 69221, Dec. 11, 2003; 69 FR 15615, March 25, 2004; 71 FR 76595, Dec. 21, 2006; 71 FR 78350, Dec. 29, 2006; 76 FR 6042, Feb. 2, 2011; 77 FR 38453, June 27, 2012; 80 FR 50184, Aug. 18, 2015; 81 FR 2747, Jan. 19, 2016; 82 FR 17552, April 12, 2017, unless otherwise noted.

AUTHORITY: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77z–2, 77z–3, 77aa(25), 77aa(26), 77ddd, 77eee, 77ggg, 77hhh, 77iii, 77jjj, 77nnn, 77sss, 78c, 78i, 78j, 78j–3, 78*l*, 78m, 78n, 78n–1, 78*o*, 78u–5, 78w, 78*ll*, 78 mm, 80a–8, 80a–9, 80a–20, 80a–29, 80a–30, 80a–31(c), 80a–37, 80a–38(a), 80a–39, 80b–11 and 7201 et seq.; 18 U.S.C. 1350; sec. 953(b), Pub.L. 111–203, 124 Stat. 1904 (2010); and sec. 102(c), Pub.L. 112–106, 126 Stat. 310 (2012).

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT G-3

| Code of Federal Regulations |
| Title 17. Commodity and Securities Exchanges |
| Chapter II. Securities and Exchange Commission |
| Part 229. Standard Instructions for Filing Forms Under Securities Act of 1933, Securities Exchange Act of 1934 and Energy Policy and Conservation Act of 1975—Regulation S–K (Refs & Annos) |
| Subpart 229.400. Management and Certain Security Holders |

This section has been updated. Click here for the updated version.

17 C.F.R. § 229.404

## § 229.404 (Item 404) Transactions with related persons, promoters and certain control persons.

Effective: February 4, 2008 to November 15, 2020

<For compliance date(s) of amendment(s) to section, see 85 FR 66108.>

(a) Transactions with related persons. Describe any transaction, since the beginning of the registrant's last fiscal year, or any currently proposed transaction, in which the registrant was or is to be a participant and the amount involved exceeds $120,000, and in which any related person had or will have a direct or indirect material interest. Disclose the following information regarding the transaction:

(1) The name of the related person and the basis on which the person is a related person.

(2) The related person's interest in the transaction with the registrant, including the related person's position(s) or relationship(s) with, or ownership in, a firm, corporation, or other entity that is a party to, or has an interest in, the transaction.

(3) The approximate dollar value of the amount involved in the transaction.

(4) The approximate dollar value of the amount of the related person's interest in the transaction, which shall be computed without regard to the amount of profit or loss.

(5) In the case of indebtedness, disclosure of the amount involved in the transaction shall include the largest aggregate amount of principal outstanding during the period for which disclosure is provided, the amount thereof outstanding as of the latest practicable date, the amount of principal paid during the periods for which disclosure is provided, the amount

of interest paid during the period for which disclosure is provided, and the rate or amount of interest payable on the indebtedness.

(6) Any other information regarding the transaction or the related person in the context of the transaction that is material to investors in light of the circumstances of the particular transaction.

Instructions to Item 404(a).

1. For the purposes of paragraph (a) of this Item, the term related person means:

a. Any person who was in any of the following categories at any time during the specified period for which disclosure under paragraph (a) of this Item is required:

i. Any director or executive officer of the registrant;

ii. Any nominee for director, when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director; or

iii. Any immediate family member of a director or executive officer of the registrant, or of any nominee for director when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such director, executive officer or nominee for director, and any person (other than a tenant or employee) sharing the household of such director, executive officer or nominee for director; and

b. Any person who was in any of the following categories when a transaction in which such person had a direct or indirect material interest occurred or existed:

i. A security holder covered by Item 403(a) (§ 229.403(a)); or

ii. Any immediate family member of any such security holder, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such security holder, and any person (other than a tenant or employee) sharing the household of such security holder.

2. For purposes of paragraph (a) of this Item, a transaction includes, but is not limited to, any financial transaction, arrangement or relationship (including any indebtedness or guarantee of indebtedness) or any series of similar transactions, arrangements or relationships.

3. The amount involved in the transaction shall be computed by determining the dollar value of the amount involved in the transaction in question, which shall include:

WESTLAW    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

a. In the case of any lease or other transaction providing for periodic payments or installments, the aggregate amount of all periodic payments or installments due on or after the beginning of the registrant's last fiscal year, including any required or optional payments due during or at the conclusion of the lease or other transaction providing for periodic payments or installments; and

b. In the case of indebtedness, the largest aggregate amount of all indebtedness outstanding at any time since the beginning of the registrant's last fiscal year and all amounts of interest payable on it during the last fiscal year.

4. In the case of a transaction involving indebtedness:

a. The following items of indebtedness may be excluded from the calculation of the amount of indebtedness and need not be disclosed: Amounts due from the related person for purchases of goods and services subject to usual trade terms, for ordinary business travel and expense payments and for other transactions in the ordinary course of business;

b. Disclosure need not be provided of any indebtedness transaction for the related persons specified in Instruction 1.b. to paragraph (a) of this Item; and

<Text of paragraph 4.c. effective until Nov. 16, 2020.>

c. If the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T (12 CFR part 220) and the loans are not disclosed as nonaccrual, past due, restructured or potential problems (see Item III.C.1. and 2. of Industry Guide 3, Statistical Disclosure by Bank Holding Companies (17 CFR 229.802(c))), disclosure under paragraph (a) of this Item may consist of a statement, if such is the case, that the loans to such persons:

i. Were made in the ordinary course of business;

ii. Were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable loans with persons not related to the lender; and

iii. Did not involve more than the normal risk of collectibility or present other unfavorable features.

<Text of paragraph 4.c. effective Nov. 16, 2020.>

c. If the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T (12 CFR part 220) and the loans are not disclosed as past due, nonaccrual or troubled debt restructurings in the consolidated financial statements, disclosure under paragraph (a) of this Item may consist of a statement, if such is the case, that the loans to such persons:

i. Were made in the ordinary course of business;

ii. Were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable loans with persons not related to the lender; and

iii. Did not involve more than the normal risk of collectibility or present other unfavorable features.

5.a. Disclosure of an employment relationship or transaction involving an executive officer and any related compensation solely resulting from that employment relationship or transaction need not be provided pursuant to paragraph (a) of this Item if:

i. The compensation arising from the relationship or transaction is reported pursuant to Item 402 (§ 229.402); or

ii. The executive officer is not an immediate family member (as specified in Instruction 1 to paragraph (a) of this Item) and such compensation would have been reported under Item 402 (§ 229.402) as compensation earned for services to the registrant if the executive officer was a named executive officer as that term is defined in Item 402(a)(3) (§ 229.402(a)(3)), and such compensation had been approved, or recommended to the board of directors of the registrant for approval, by the compensation committee of the board of directors (or group of independent directors performing a similar function) of the registrant.

b. Disclosure of compensation to a director need not be provided pursuant to paragraph (a) of this Item if the compensation is reported pursuant to Item 402(k) (§ 229.402(k)).

6. A person who has a position or relationship with a firm, corporation, or other entity that engages in a transaction with the registrant shall not be deemed to have an indirect material interest within the meaning of paragraph (a) of this Item where:

a. The interest arises only:

i. From such person's position as a director of another corporation or organization that is a party to the transaction; or

ii. From the direct or indirect ownership by such person and all other persons specified in Instruction 1 to paragraph (a) of this Item, in the aggregate, of less than a ten percent equity interest in another person (other than a partnership) which is a party to the transaction; or

iii. From both such position and ownership; or

b. The interest arises only from such person's position as a limited partner in a partnership in which the person and all other persons specified in Instruction 1 to paragraph (a) of this Item, have an interest of less than ten percent, and the person is not a general partner of and does not hold another position in the partnership.

7. Disclosure need not be provided pursuant to paragraph (a) of this Item if:

a. The transaction is one where the rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common or contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority;

b. The transaction involves services as a bank depositary of funds, transfer agent, registrar, trustee under a trust indenture, or similar services; or

c. The interest of the related person arises solely from the ownership of a class of equity securities of the registrant and all holders of that class of equity securities of the registrant received the same benefit on a pro rata basis.

(b) Review, approval or ratification of transactions with related persons.

(1) Describe the registrant's policies and procedures for the review, approval, or ratification of any transaction required to be reported under paragraph (a) of this Item. While the material features of such policies and procedures will vary depending on the particular circumstances, examples of such features may include, in given cases, among other things:

(i) The types of transactions that are covered by such policies and procedures;

(ii) The standards to be applied pursuant to such policies and procedures;

(iii) The persons or groups of persons on the board of directors or otherwise who are responsible for applying such policies and procedures; and

(iv) A statement of whether such policies and procedures are in writing and, if not, how such policies and procedures are evidenced.

(2) Identify any transaction required to be reported under paragraph (a) of this Item since the beginning of the registrant's last fiscal year where such policies and procedures did not require review, approval or ratification or where such policies and procedures were not followed.

Instruction to Item 404(b).

Disclosure need not be provided pursuant to this paragraph regarding any transaction that occurred at a time before the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a) if such transaction did not continue after the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a).

(c) Promoters and certain control persons.

(1) Registrants that are filing a registration statement on Form S–1 under the Securities Act (§ 239.11 of this chapter) or on Form 10 under the Exchange Act (§ 249.210 of this chapter) and that had a promoter at any time during the past five fiscal years shall:

(i) State the names of the promoter(s), the nature and amount of anything of value (including money, property, contracts, options or rights of any kind) received or to be received by each promoter, directly or indirectly, from the registrant and the nature and amount of any assets, services or other consideration therefore received or to be received by the registrant; and

(ii) As to any assets acquired or to be acquired by the registrant from a promoter, state the amount at which the assets were acquired or are to be acquired and the principle followed or to be followed in determining such amount, and identify the persons making the determination and their relationship, if any, with the registrant or any promoter. If the assets were acquired by the promoter within two years prior to their transfer to the registrant, also state the cost thereof to the promoter.

(2) Registrants shall provide the disclosure required by paragraphs (c)(1)(i) and (c)(1)(ii) of this Item as to any person who acquired control of a registrant that is a shell company, or any person that is part of a group, consisting of two or more persons that agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of a registrant, that acquired control of a registrant that is a shell company. For purposes of this Item, shell company has the same meaning as in Rule 405 under the Securities Act (17 CFR 230.405) and Rule 12b–2 under the Exchange Act (17 CFR 240.12b–2).

(d) Smaller reporting companies. A registrant that qualifies as a "smaller reporting company," as defined by § 229.10(f)(1), must provide the following information in order to comply with this Item:

(1) The information required by paragraph (a) of this Item for the period specified there for a transaction in which the amount involved exceeds the lesser of $120,000 or one percent of the average of the smaller reporting company's total assets at year end for the last two completed fiscal years;

(2) The information required by paragraph (c) of this Item; and

(3) A list of all parents of the smaller reporting company showing the basis of control and as to each parent, the percentage of voting securities owned or other basis of control by its immediate parent, if any.

Instruction to Item 404(d).

1. Include information for any material underwriting discounts and commissions upon the sale of securities by the smaller reporting company where any of the persons specified in paragraph (a) of this Item was or is to be a principal underwriter or is a controlling person or member of a firm that was or is to be a principal underwriter.

2. For smaller reporting companies information shall be given for the period specified in paragraph (a) of this Item and, in addition, for the fiscal year preceding the small reporting company's last fiscal year.

Instructions to Item 404.

1. If the information called for by this Item is being presented in a registration statement filed pursuant to the Securities Act or the Exchange Act, information shall be given for the periods specified in the Item and, in addition, for the two fiscal years preceding the registrant's last fiscal year, unless the information is being incorporated by reference into a registration statement on Form S–4 (17 CFR 239.25), in which case, information shall be given for the periods specified in the Item.

2. A foreign private issuer will be deemed to comply with this Item if it provides the information required by Item 7.B. of Form 20–F (17 CFR 249.220f) with more detailed information provided if otherwise made publicly available or required to be disclosed by the issuer's home jurisdiction or a market in which its securities are listed or traded.

**Credits**

[47 FR 55665, Dec. 13, 1982; 48 FR 37612, Aug. 19, 1983; 48 FR 44475, Sept. 29, 1983; 56 FR 30053, 30054, July 1, 1991; 59 FR 65637, Dec. 20, 1994; 64 FR 53909, Oct. 5, 1999; 71 FR 53252, Sept. 8, 2006; 73 FR 964, Jan. 4, 2008; 85 FR 66140, Oct. 16, 2020]

SOURCE: 47 FR 11401, March 16, 1982; 67 FR 246, Jan. 2, 2002; 67 FR 13536, March 22, 2002; 67 FR 57287, Sept. 9, 2002; 68 FR 4831, Jan. 30, 2003; 68 FR 5127, Jan. 31, 2003; 68 FR 5999, Feb. 5, 2003; 68 FR 18817, April 16, 2003; 68 FR 36663, June 18, 2003; 68 FR 64969, Nov. 17, 2003; 68 FR 67009, Nov. 28, 2003; 68 FR 69221, Dec. 11, 2003; 69 FR 15615, March 25, 2004; 71 FR 76595, Dec. 21, 2006; 71 FR 78350, Dec. 29, 2006; 76 FR 6042, Feb. 2, 2011; 77 FR 38453, June 27, 2012; 80 FR 50184, Aug. 18, 2015; 81 FR 2747, Jan. 19, 2016; 82 FR 17552, April 12, 2017, unless otherwise noted.

AUTHORITY: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77z–2, 77z–3, 77aa(25), 77aa(26), 77ddd, 77eee, 77ggg, 77hhh, 77iii, 77jjj, 77nnn, 77sss, 78c, 78i, 78j, 78j–3, 78*l*, 78m, 78n, 78n–1, 78*o*, 78u–5, 78w, 78*ll*, 78 mm, 80a–8, 80a–9, 80a–20, 80a–29, 80a–30, 80a–31(c), 80a–37, 80a–38(a), 80a–39, 80b–11 and 7201 et seq.; 18 U.S.C. 1350; sec. 953(b), Pub.L. 111–203, 124 Stat. 1904 (2010); and sec. 102(c), Pub.L. 112–106, 126 Stat. 310 (2012).

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT G-4

Code of Federal Regulations
Title 17. Commodity and Securities Exchanges
Chapter II. Securities and Exchange Commission
Part 229. Standard Instructions for Filing Forms Under Securities Act of 1933, Securities Exchange Act of 1934 and Energy Policy and Conservation Act of 1975—Regulation S–K (Refs & Annos)
Subpart 229.400. Management and Certain Security Holders

17 C.F.R. § 229.404

## § 229.404 (Item 404) Transactions with related persons, promoters and certain control persons.

Effective: November 16, 2020

Currentness

<For compliance date(s) of amendment(s) to section, see 85 FR 66108.>

(a) Transactions with related persons. Describe any transaction, since the beginning of the registrant's last fiscal year, or any currently proposed transaction, in which the registrant was or is to be a participant and the amount involved exceeds $120,000, and in which any related person had or will have a direct or indirect material interest. Disclose the following information regarding the transaction:

(1) The name of the related person and the basis on which the person is a related person.

(2) The related person's interest in the transaction with the registrant, including the related person's position(s) or relationship(s) with, or ownership in, a firm, corporation, or other entity that is a party to, or has an interest in, the transaction.

(3) The approximate dollar value of the amount involved in the transaction.

(4) The approximate dollar value of the amount of the related person's interest in the transaction, which shall be computed without regard to the amount of profit or loss.

(5) In the case of indebtedness, disclosure of the amount involved in the transaction shall include the largest aggregate amount of principal outstanding during the period for which disclosure is provided, the amount thereof outstanding as of the latest practicable date, the amount of principal paid during the periods for which disclosure is provided, the amount of interest paid during the period for which disclosure is provided, and the rate or amount of interest payable on the

indebtedness.

(6) Any other information regarding the transaction or the related person in the context of the transaction that is material to investors in light of the circumstances of the particular transaction.

Instructions to Item 404(a).

1. For the purposes of paragraph (a) of this Item, the term related person means:

a. Any person who was in any of the following categories at any time during the specified period for which disclosure under paragraph (a) of this Item is required:

i. Any director or executive officer of the registrant;

ii. Any nominee for director, when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director; or

iii. Any immediate family member of a director or executive officer of the registrant, or of any nominee for director when the information called for by paragraph (a) of this Item is being presented in a proxy or information statement relating to the election of that nominee for director, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such director, executive officer or nominee for director, and any person (other than a tenant or employee) sharing the household of such director, executive officer or nominee for director; and

b. Any person who was in any of the following categories when a transaction in which such person had a direct or indirect material interest occurred or existed:

i. A security holder covered by Item 403(a) (§ 229.403(a)); or

ii. Any immediate family member of any such security holder, which means any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such security holder, and any person (other than a tenant or employee) sharing the household of such security holder.

2. For purposes of paragraph (a) of this Item, a transaction includes, but is not limited to, any financial transaction, arrangement or relationship (including any indebtedness or guarantee of indebtedness) or any series of similar transactions, arrangements or relationships.

3. The amount involved in the transaction shall be computed by determining the dollar value of the amount involved in the transaction in question, which shall include:

a. In the case of any lease or other transaction providing for periodic payments or installments, the aggregate amount of all

periodic payments or installments due on or after the beginning of the registrant's last fiscal year, including any required or optional payments due during or at the conclusion of the lease or other transaction providing for periodic payments or installments; and

b. In the case of indebtedness, the largest aggregate amount of all indebtedness outstanding at any time since the beginning of the registrant's last fiscal year and all amounts of interest payable on it during the last fiscal year.

4. In the case of a transaction involving indebtedness:

a. The following items of indebtedness may be excluded from the calculation of the amount of indebtedness and need not be disclosed: Amounts due from the related person for purchases of goods and services subject to usual trade terms, for ordinary business travel and expense payments and for other transactions in the ordinary course of business;

b. Disclosure need not be provided of any indebtedness transaction for the related persons specified in Instruction 1.b. to paragraph (a) of this Item; and

c. If the lender is a bank, savings and loan association, or broker-dealer extending credit under Federal Reserve Regulation T (12 CFR part 220) and the loans are not disclosed as past due, nonaccrual or troubled debt restructurings in the consolidated financial statements, disclosure under paragraph (a) of this Item may consist of a statement, if such is the case, that the loans to such persons:

i. Were made in the ordinary course of business;

ii. Were made on substantially the same terms, including interest rates and collateral, as those prevailing at the time for comparable loans with persons not related to the lender; and

iii. Did not involve more than the normal risk of collectibility or present other unfavorable features.

5.a. Disclosure of an employment relationship or transaction involving an executive officer and any related compensation solely resulting from that employment relationship or transaction need not be provided pursuant to paragraph (a) of this Item if:

i. The compensation arising from the relationship or transaction is reported pursuant to Item 402 (§ 229.402); or

ii. The executive officer is not an immediate family member (as specified in Instruction 1 to paragraph (a) of this Item) and such compensation would have been reported under Item 402 (§ 229.402) as compensation earned for services to the registrant if the executive officer was a named executive officer as that term is defined in Item 402(a)(3) (§ 229.402(a)(3)), and such compensation had been approved, or recommended to the board of directors of the registrant for approval, by the compensation committee of the board of directors (or group of independent directors performing a similar function) of the registrant.

b. Disclosure of compensation to a director need not be provided pursuant to paragraph (a) of this Item if the compensation is reported pursuant to Item 402(k) (§ 229.402(k)).

6. A person who has a position or relationship with a firm, corporation, or other entity that engages in a transaction with the registrant shall not be deemed to have an indirect material interest within the meaning of paragraph (a) of this Item where:

a. The interest arises only:

i. From such person's position as a director of another corporation or organization that is a party to the transaction; or

ii. From the direct or indirect ownership by such person and all other persons specified in Instruction 1 to paragraph (a) of this Item, in the aggregate, of less than a ten percent equity interest in another person (other than a partnership) which is a party to the transaction; or

iii. From both such position and ownership; or

b. The interest arises only from such person's position as a limited partner in a partnership in which the person and all other persons specified in Instruction 1 to paragraph (a) of this Item, have an interest of less than ten percent, and the person is not a general partner of and does not hold another position in the partnership.

7. Disclosure need not be provided pursuant to paragraph (a) of this Item if:

a. The transaction is one where the rates or charges involved in the transaction are determined by competitive bids, or the transaction involves the rendering of services as a common or contract carrier, or public utility, at rates or charges fixed in conformity with law or governmental authority;

b. The transaction involves services as a bank depositary of funds, transfer agent, registrar, trustee under a trust indenture, or similar services; or

c. The interest of the related person arises solely from the ownership of a class of equity securities of the registrant and all holders of that class of equity securities of the registrant received the same benefit on a pro rata basis.

(b) Review, approval or ratification of transactions with related persons.

(1) Describe the registrant's policies and procedures for the review, approval, or ratification of any transaction required to be reported under paragraph (a) of this Item. While the material features of such policies and procedures will vary depending on the particular circumstances, examples of such features may include, in given cases, among other things:

(i) The types of transactions that are covered by such policies and procedures;

(ii) The standards to be applied pursuant to such policies and procedures;

(iii) The persons or groups of persons on the board of directors or otherwise who are responsible for applying such policies and procedures; and

(iv) A statement of whether such policies and procedures are in writing and, if not, how such policies and procedures are evidenced.

(2) Identify any transaction required to be reported under paragraph (a) of this Item since the beginning of the registrant's last fiscal year where such policies and procedures did not require review, approval or ratification or where such policies and procedures were not followed.

Instruction to Item 404(b).

Disclosure need not be provided pursuant to this paragraph regarding any transaction that occurred at a time before the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a) if such transaction did not continue after the related person became one of the enumerated persons in Instruction 1.a.i., ii., or iii. to Item 404(a).

(c) Promoters and certain control persons.

(1) Registrants that are filing a registration statement on Form S–1 under the Securities Act (§ 239.11 of this chapter) or on Form 10 under the Exchange Act (§ 249.210 of this chapter) and that had a promoter at any time during the past five fiscal years shall:

(i) State the names of the promoter(s), the nature and amount of anything of value (including money, property, contracts, options or rights of any kind) received or to be received by each promoter, directly or indirectly, from the registrant and the nature and amount of any assets, services or other consideration therefore received or to be received by the registrant; and

(ii) As to any assets acquired or to be acquired by the registrant from a promoter, state the amount at which the assets were acquired or are to be acquired and the principle followed or to be followed in determining such amount, and identify the persons making the determination and their relationship, if any, with the registrant or any promoter. If the assets were acquired by the promoter within two years prior to their transfer to the registrant, also state the cost thereof to the promoter.

(2) Registrants shall provide the disclosure required by paragraphs (c)(1)(i) and (c)(1)(ii) of this Item as to any person who acquired control of a registrant that is a shell company, or any person that is part of a group, consisting of two or more persons that agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of a

registrant, that acquired control of a registrant that is a shell company. For purposes of this Item, shell company has the same meaning as in Rule 405 under the Securities Act (17 CFR 230.405) and Rule 12b–2 under the Exchange Act (17 CFR 240.12b–2).

(d) Smaller reporting companies. A registrant that qualifies as a "smaller reporting company," as defined by § 229.10(f)(1), must provide the following information in order to comply with this Item:

(1) The information required by paragraph (a) of this Item for the period specified there for a transaction in which the amount involved exceeds the lesser of $120,000 or one percent of the average of the smaller reporting company's total assets at year end for the last two completed fiscal years;

(2) The information required by paragraph (c) of this Item; and

(3) A list of all parents of the smaller reporting company showing the basis of control and as to each parent, the percentage of voting securities owned or other basis of control by its immediate parent, if any.

Instruction to Item 404(d).

1. Include information for any material underwriting discounts and commissions upon the sale of securities by the smaller reporting company where any of the persons specified in paragraph (a) of this Item was or is to be a principal underwriter or is a controlling person or member of a firm that was or is to be a principal underwriter.

2. For smaller reporting companies information shall be given for the period specified in paragraph (a) of this Item and, in addition, for the fiscal year preceding the small reporting company's last fiscal year.

Instructions to Item 404.

1. If the information called for by this Item is being presented in a registration statement filed pursuant to the Securities Act or the Exchange Act, information shall be given for the periods specified in the Item and, in addition, for the two fiscal years preceding the registrant's last fiscal year, unless the information is being incorporated by reference into a registration statement on Form S–4 (17 CFR 239.25), in which case, information shall be given for the periods specified in the Item.

2. A foreign private issuer will be deemed to comply with this Item if it provides the information required by Item 7.B. of Form 20–F (17 CFR 249.220f) with more detailed information provided if otherwise made publicly available or required to be disclosed by the issuer's home jurisdiction or a market in which its securities are listed or traded.

**Credits**

[47 FR 55665, Dec. 13, 1982; 48 FR 37612, Aug. 19, 1983; 48 FR 44475, Sept. 29, 1983; 56 FR 30053, 30054, July 1, 1991;

59 FR 65637, Dec. 20, 1994; 64 FR 53909, Oct. 5, 1999; 71 FR 53252, Sept. 8, 2006; 73 FR 964, Jan. 4, 2008; 85 FR 66140, Oct. 16, 2020]

SOURCE: 47 FR 11401, March 16, 1982; 67 FR 246, Jan. 2, 2002; 67 FR 13536, March 22, 2002; 67 FR 57287, Sept. 9, 2002; 68 FR 4831, Jan. 30, 2003; 68 FR 5127, Jan. 31, 2003; 68 FR 5999, Feb. 5, 2003; 68 FR 18817, April 16, 2003; 68 FR 36663, June 18, 2003; 68 FR 64969, Nov. 17, 2003; 68 FR 67009, Nov. 28, 2003; 68 FR 69221, Dec. 11, 2003; 69 FR 15615, March 25, 2004; 71 FR 76595, Dec. 21, 2006; 71 FR 78350, Dec. 29, 2006; 76 FR 6042, Feb. 2, 2011; 77 FR 38453, June 27, 2012; 80 FR 50184, Aug. 18, 2015; 81 FR 2747, Jan. 19, 2016; 82 FR 17552, April 12, 2017, unless otherwise noted.

AUTHORITY: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77z–2, 77z–3, 77aa(25), 77aa(26), 77ddd, 77eee, 77ggg, 77hhh, 77iii, 77jjj, 77nnn, 77sss, 78c, 78i, 78j, 78j–3, 78*l*, 78m, 78n, 78n–1, 78*o*, 78u–5, 78w, 78*ll*, 78 mm, 80a–8, 80a–9, 80a–20, 80a–29, 80a–30, 80a–31(c), 80a–37, 80a–38(a), 80a–39, 80b–11 and 7201 et seq.; 18 U.S.C. 1350; sec. 953(b), Pub.L. 111–203, 124 Stat. 1904 (2010); and sec. 102(c), Pub.L. 112–106, 126 Stat. 310 (2012).

Notes of Decisions (18)

Current through January 28, 2021; 86 FR 7351.

    © 2021 Thomson Reuters. No claim to original U.S. Government Works.