

**The Rosen Law Firm**
INVESTOR COUNSEL

Jing Chen, Esq.
jchen@rosenlegal.com

April 5, 2021

**VIA ECF**
Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Boluka Garment Co., Limited, et al v. Canaan, Inc. et al* – Case #: 1:20-cv-07139-JPO

Your Honor:

Lead Plaintiffs Boluka Garment Co., Limited and Hongkuo Tang ("Plaintiffs"), through the undersigned counsel, respectfully submit this letter motion to strike: (i) Exhibit 7 (Dkt. No. 56-7) submitted with Defendants' Motion to Dismiss the Amended Complaint ("MTD Opening Brief", Dkt. No. 54-56), and (ii) Exhibits 10 and 11 (Dkt. Nos. 60-1&2) submitted with Defendants' Motion to Dismiss Reply ("Reply", Dkt. Nos. 59-60). The Court should strike the documents from the record because they are extraneous to the Complaint[1] and are intended to contradict the Complaint's well-pled factual allegations and improperly provide support for Defendants' speculative version of the truth.

**Courts must avoid considering extraneous documents**
**when determining a Rule 12(b)(6) motion**
On a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). A motion to dismiss may only draw on the complaint's allegations, documents the complaint attaches or incorporates by reference, or documents "upon which [the complaint] *solely* relies and which [are] *integral to the complaint*." *Id.* (emphasis in original). The court may also consider "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit" – though not for the truth of the matters asserted therein. *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

These narrow exceptions, however, do not grant Defendants "license to ignore the distinction between motion to dismiss and motions for summary judgment . . . ." *United States v. Webster*, 162 F.3d 308, 347 (5th Cir. 1998). In a recent decision, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the Ninth Circuit Court of Appeals largely reversed the decision of the

---

[1] Refers to the Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 51).  All citations to the Complaint are cited as "¶_".

1

district court for judicially noticing and incorporating by reference items that should not have been considered. In so holding, the Ninth Circuit called attention to "a concerning pattern" in securities cases, whereby defendants "exploit[] [the procedures of incorporation-by-reference and judicial notice] to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. The court cautioned that "the unscrupulous use of extrinsic documents [by defendants] to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access". *Id.*

Defendants' citation to these offending exhibits in their Motion to Dismiss is precisely the type of improper use of extrinsic documents disapproved of by the Ninth Circuit in *Khoja*. This Court should strike these exhibits and reject all arguments made in connection therewith. Alternatively, if the Court considers these materials, the Motion to Dismiss must be treated as a motion for summary judgment, and Plaintiffs must be given the opportunity to conduct discovery. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (vacating the district court's dismissal for improper consideration of extraneous materials; stressing the requirement that a district court convert Rule 12(b)(6) motion into a motion for summary judgment whenever the court considers extra-pleading material should be "strictly enforced".); FRCP 12(d).

**The Court should strike Exhibits 7&10**

The Complaint alleges that before and at the time of the IPO, Mr. Yongjie Yao was a related party of Defendant Canaan Inc. ("Canaan") because he exercised significant influence over Canaan as its principal shareholder and also as the Chairman of the Board of Supervisors of Canaan's primary operating subsidiary. (¶54, RS[2]143-144.) Canaan, however, failed to disclose as related party transactions the important sales and marketing services Yao provided to Canaan and the dollar value of those sales he arranged while serving as the top executive in charge of Canaan's international sales department. (¶¶75,76) Defendants improperly attached to their MTD Opening Brief Exhibit 7, an English translation of a so-called "Enterprise Credit Information Publicity Report of Hangzhou Canaan" to dispute Yao's position as Chairman during the IPO. (Mtn. Br. at 6[3].) Instead, Defendants contended that Yao left that position in May 2018. (*Id.*) Plaintiffs opposed Defendants' improper introduction of Exhibit 7 for several reasons, including that Defendants didn't attach the original Chinese document. *See* (Opp. at 6 n 5.) Defendants again improperly attach Exhibit 10, the Chinese language version of Exhibit 7 and cite to it in their Reply. (Reply at 7 n 4.) Plaintiffs request the Court strike Exhibits 7 and 10.

**First**, Exhibits 7 and 10 are not "attached to the [C]omplaint as an exhibit or incorporated in it by reference". *Time Warner*, at 153 ("a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough".) Nor do the Plaintiffs have "possession" or "knowledge and rel[y] on it in bringing suit". *Id.* Instead, relying on the evidence

---

[2] "RS" refers to Canaan' Registration Statement (Dkt. 56-2.)

[3] The Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint filed by Defendants (Dkt. 55) is referred to herein as "Mtn. Br.".

**THE ROSEN LAW FIRM, P.A.** ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

that Plaintiffs have independently obtained, the Complaint has sufficiently alleged that Yao was the Chairman of the Board of Supervisors at the IPO. (¶¶54-56[4]; Opp. 10.)

**Second**, Exhibits 7 and 10 are offered to dispute a well-pleaded factual allegation in the Complaint based on Defendants' own records and therefore, should be stricken. *S.E.C. v. Lee*, 720 F. Supp. 2d 305, 328 (S.D.N.Y. 2010) (denying motion to dismiss, refusing to consider materials extraneous to the complaint as they raise disputed issues of fact.)

**Third**, Plaintiffs explicitly contest Exhibits 7 and 10's authenticity. *See Brown v. DeFrank*, 2006 WL 3313821, at *22 (S.D.N.Y. Nov. 15, 2006) (stating that the court could not consider certain exhibits on a motion to dismiss because the plaintiff objected to the exhibits' authenticity). Exhibit 10, which Defendants claim is a Chinese government record (Reply, at 7 n 4), is not self-authenticating because Defendants have not provided an apostille or a certification from a U.S. consular official demonstrating the authenticity of this Chinese public record. FRE 902(3). Defendants fail to produce any evidence to support a finding that the purported foreign public document is what Defendants claim it is. FRE 901(a). Plaintiffs have never been "given reasonable opportunity ... to investigate the authenticity and accuracy" of Exhibit 10 as it is presented in Defendants' Reply, nor is there a showing of "good cause". FRE 902(3). *See Samad Bros., Inc. v. Bokara Rug Co.*, No. 09 CIV. 5843 JFK KNF, 2012 WL 43613, at *7 (S.D.N.Y. Jan. 9, 2012) (a foreign public document was not self-authenticating under FRE 902(3) because it was not accompanied by a final certification by a United States official that the document is genuine; the document could not be treated as presumptively authentic under FRE 901 either because (1) the parties were not "given reasonable opportunity ... to investigate the authenticity and accuracy" of the document; or (2) the proponent did not show good cause for his failure to obtain a final certification, particularly given the opposing party timely challenged the authenticity of the document. 160 miles distance from the nearest United States consulate was not a good cause.) Cf. *Raphaely Int'l, Inc. v. Waterman S.S. Corp.*, 972 F.2d 498 (2d Cir. 1992) (affirming the district court's finding of "good cause" to treat an uncertified foreign public document where opponent did not challenge its authenticity in the nine years preceding trial.)

**Fourth**, even if the Court determines that it can appropriately consider Exhibits 7 and 10 as a public record, the Court may do so only "in order to determine *what* statements they contained—but *again not for the truth of the matters asserted.*" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis in original) (ruling that "the district court erred in accepting defendants' SEC filings for the truth of their contents, in inferring that those contents were sufficient and controlling".) In fact, even assuming Yao left the Chairman position in May 2018, Canaan was still obligated to disclose Yao's services to Canaan in 2017 and 2018 as related party transactions because Canaan had a duty to properly disclose related party transactions for each of the years for which income statements were included in the audited financial statements. (ASC 850 -10-50-1). Similarly, SEC regulations required Canaan to disclose all related party transactions for the preceding three financial years up to the date of the Registration Statement. (Item 7.b., SEC Form 20-F; ¶62). SEC Regulation S-K also required Canaan to disclose all related party transactions for each of the full fiscal years for which financial statements are included in the registration statement

---

[4] All citations to the Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint", Dkt. 51) are cited as "¶_".

3

– 2017 and 2018. (Item 404 of SEC Regulation S-K (27 CFR § 229.404); ¶59)).  Indeed, that Canaan disclosed one such 2017 related party transaction, shows that it should have disclosed all others. (RS at 146.)

**The Court should not consider arguments under the Chinese related party accounting rule in Defendants' Reply and Exhibit 11**

The Complaint pleads that Zhejiang Suanli was a related party of Canaan because Defendants Kong and Sun indirectly owned 10% of Zhejiang Suanli via their 50% ownership of Zhejiang Shubei and Kong "exercised significant control over" Zhejiang Suanli as acknowledged by Canaan in its related party admission in a Chinese IPO filing - "Public Transfer Agreement" that Zhejian Suanli is a related party. (¶¶90, 91)).[5] Despite Defendants' knowledge of the Complaint's allegations, they failed to make any argument in their MTD Opening Brief that the related party disclosure in the Public Transfer Agreement was made under Chinese law and is different from the standards for related parties under U.S. GAAP and Item 7.B. Defendants merely argued the related party transactions were immaterial. *See* (Mtn. Br. at 9-12.)  Instead, for the first time in their Reply, Defendants argue that differences between the Chinese and U.S. legal definition of related party absolves them of their disclosure duty. (Reply at 6.) In support of their Reply, Defendants attached Exhibit 11, a Chinese law regarding Accounting Standards for Disclosure of Affiliated Parties. The Court should strike the argument and Exhibit 11 for the following reasons.

First, making a wholly new argument and citing to a Chinese law (Exhibit 11) for the first time in their Reply is improper sandbagging. *Landau v. New Horizon Partners, Inc.*, No. 02 CIV.6802 JGK, 2003 WL 22097989, at *10 (S.D.N.Y. Sept. 8, 2003) (rejecting argument "raised for the first time in ... reply papers ... because the plaintiff had no opportunity to respond to such arguments, and in any event, full consideration and development of this issue requires that the argument be raised in the original moving papers."). Defendants' belated argument unfairly deprives Plaintiffs of an opportunity to adequately respond. *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (stating that "[a]rguments may not be made for the first time in a reply brief").[6]

Second, whether Zhejiang Suanli was a related party of Canaan under Chinese law is not controlling here. The relevant issue is whether Zhejiang Suanli is a related party under U.S. law. The Complaint uses the Public Transfer Agreement only to show that Defendant Kong "exercised significant control over" Zhejiang Suanli as Canaan explicitly stated *verbatim*. Defendants present Exhibit 11 and related arguments to dispute these well-pleaded facts in the Complaint. Thus, Exhibit 11 and arguments relating to the improper exhibit should be stricken. *See S.E.C.*, at 328;

---

[5] The certified translation of the Public Transfer Agreement translates the same phrase as "exercised significant influence over", correcting the preliminary translation "exercised significant control over" in the Complaint. See (Dkt. No. 58-1, at 196.)

[6] *See also Mohamed v. Nolan L. Grp.*, 574 F. App'x 45, 46 n.1 (2d Cir. 2014) ("[W]e will not consider an argument raised for the first time in a reply brief"); *see also ABN AMRO VERZEKERINGEN BV v. Geologistics Ams., Inc.,* 485 F.3d 85, 97, n. 12 (2d Cir.2007) ("We decline to consider an argument raised for the first time in reply brief"); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 62 (E.D.N.Y. 2012) ("Arguments made for the first time on reply are deemed waived.")

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**

*see also Khoja*, 2018 WL 3826298 at *8 (finding district court abused its discretion in judicially noticing material "subject to varying interpretations").

Third, Defendants did not give Plaintiffs reasonable notice of their intent to raise any issue under foreign law. FRCP 44.1 provides that "[a] party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice." "The purpose of the Rule is 'to avoid unfair surprise either to the opposing party or to the court.'" *Loc. 875 I.B.T. Pension Fund v. Pollack*, 992 F. Supp. 545, 559 (E.D.N.Y. 1998) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2443 at 640 (1995).) Applying this rule, courts in the Second Circuit have treated an argument made under a foreign law differently depending on the time it is raised. Compare *Local 875 I.B.T. Pension Fund* (rejecting an argument based on a foreign law because it was not sufficient notice under Rule 44.1 to raise foreign law for first time in reply papers) with *Canadian Imperial Bank v. Saxony Carpet Co.,* 899 F.Supp. 1248, 1253 (S.D.N.Y.1995) (raising issue of foreign law in opening papers on summary judgment motion was proper notice under Rule 44.1), *aff'd.,* 104 F.3d 352, 1996 WL 629749 (2d Cir.1996). Here, Defendants raise the argument under the Chinese accounting rule for the first time in their reply, unfairly ambushing Plaintiffs and not affording them an opportunity to respond. Hence the Court should not consider such argument and Exhibit 11. *Loc. 875 I.B.T. Pension Fund*, at 559.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Exhibits 7, 10 and 11 or alternatively treat the Motion to Dismiss as a motion for summary judgment, and Plaintiffs must be given the opportunity to conduct discovery.

<div style="margin-left:50%">

Respectfully submitted,

/s/ Jing Chen
Jing Chen, Esq.

</div>

cc:    All counsel of record by ECF

<div style="text-align:center">5</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th of April 2021 a true and correct copy of the foregoing Letter Motion was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jing Chen

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827