

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

April 19, 2021

**Daniel L. Cantor**
D: +1 212 408 2483
dcantor@omm.com

**VIA CM/ECF**

Honorable J. Paul Oetken, U.S.D.J.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re:  *Boluka Garment Co., Limited, et al v. Canaan, Inc. et al.*, Case No. 1:20-cv-07139-JPO

Dear Judge Oetken:

On behalf of Defendants Canaan, Inc. ("Canaan"), Citigroup Global Markets Inc., China Renaissance Securities (Hong Kong) Limited, Galaxy Digital Partners LLC, Huatai Financing Holdings (Hong Kong) Limited, Tiger Brokers (NZ) Limited, and ViewTrade Securities, Inc., we respectfully submit this response to Plaintiffs' April 5, 2021 letter motion to strike Exhibit 7 (Dkt. No. 56-7) and Exhibits 10 and 11 (Dkt. Nos. 60-1 and 60-2).  Plaintiffs' grounds for moving to strike these exhibits are specious.  On a motion to dismiss, the Court may properly consider documents that establish judicially noticeable facts or that are incorporated by reference in the complaint.  Here, Defendants' motion, and the exhibits attached thereto, make clear that Plaintiffs' claims rest on plainly immaterial, publicly disclosed transactions that cannot form the basis of a securities fraud claim.  Therefore, the Court need not convert Defendants' motion to a motion for summary judgment in order to resolve it.  Further, the Court should not consider the merits arguments in Plaintiffs' letter motion, which constitute a belated and improper sur-reply.

### Exhibits 7 and 10 Are Judicially Noticeable Government Records.

Contrary to Plaintiffs' letter motion, Exhibits 7 and 10, English and Chinese versions of Hangzhou Canaan's National Enterprise Credit Information Publicity System ("ECIPS") corporate record, are judicially noticeable government records.  *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Courts routinely take judicial notice of such governmental records.").  Records available on ECIPS are the Chinese equivalent of SEC filings, which courts routinely consider at the pleadings stage and find judicially noticeable without a certificate of authenticity.[1]  Indeed, Plaintiffs acknowledge the

---

[1] *See Richardson v. New York City Bd. of Educ.*, 711 F. App'x 11, 14 (2d Cir. 2017) (taking judicial notice on a motion to dismiss of "public documents, promulgated by or binding on a government agency, and not subject to reasonable dispute"); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (on a motion to dismiss the Court may consider "legally required public disclosure documents filed with

reliability of ECIPS information in the Amended Complaint, noting that "China's National Enterprise Credit Information Publicity System provides public access to official registration data for all legal entities in China. . . . State Administration for Market Regulation of China operates and maintains the system."[2]  (AC ¶ 89 n. 32.)  And Plaintiffs themselves expressly rely on ECIPS information in their pleading: The allegations in the Amended Complaint are based on "Defendants' public filings with Chinese regulatory agencies and its local provincial offices" (AC p. 2), and Exhibits 4 and 5 to the Amended Complaint are extracted from ECIPS.  Yet Plaintiffs now challenge the authenticity of such records in an effort to run away from the conclusion that their allegations fail to state a claim.

In particular, in light of Plaintiffs' allegation that Canaan was required to disclose Mr. Yao's position in connection with the IPO, Defendants cited Exhibits 7 and 10 to establish the judicially noticeable fact of the date of Yao Yongjie's departure from Hangzhou Canaan's Board of Supervisors more than a year before the IPO.  Courts routinely take notice of such facts based on similar public records in deciding motions to dismiss.  *See, e.g.*, *Lillis v. Apria Healthcare, Inc.*, 2013 WL 1561491, at \*4 (S.D. Cal. Apr. 11, 2013) (taking judicial notice of last day of employment listed in public records); *Giwa v. Copmea*, 2010 WL 2635775, at \*1 (C.D. Ill. June 28, 2010) (same).  Federal Rule of Evidence 201(b) permits the Court to take judicial notice of the date of Mr. Yao 's departure from Hangzhou Canaan's Board of Supervisors because that fact can be "accurately and readily determined" from ECIPS—a source "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Defendants are not asking the Court to set aside any well-pleaded allegations, but rather are pointing to judicially noticeable facts that demonstrate that Plaintiffs' conclusory allegation that Mr. Yao was a Canaan "top executive" at the time of the IPO fails as a matter of law to allege any material omission.  (Opp. at 6.)  The Amended Complaint only claims that Mr. Yao was elected chairman in July 2017.  (AC ¶ 54.)  Thus, the Court may take judicial notice of Mr. Yao's departure date, which "is not reasonably disputed as untrue."  *Murray v. Cuomo*, 460 F. Supp. 3d 430, 446 (S.D.N.Y. 2020) (taking judicial notice of publicly available facts).

### Exhibit 11 Is Incorporated by Reference and Is a Judicially Noticeable Definition and Accounting Standard.

The Court also may properly consider Exhibit 11, "Accounting Standards for Enterprises No. 36 – Disclosure of Affiliated Parties," in evaluating Defendants' motion to dismiss. Exhibit 11 is a judicially noticeable accounting standard—the Chinese equivalent of GAAP—which courts routinely consider on motions to dismiss.  *Int'l Ass'n of Heat v. Int'l Bus. Machines Corp.*, 205 F. Supp. 3d 527, 537 (S.D.N.Y. 2016) (quoting from GAAP accounting standards in granting

---

the SEC")*; Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201(b)(2).")*; see also Chan Ah Wah v. HSBC N. Am. Holdings Inc.*, 2019 WL 859042, at \*1 (S.D.N.Y. Feb. 22, 2019) (taking judicial notice of Hong Kong corporate records); *In re Foreign Exch. Benchmark Rates Antitrust Litig.,* 74 F. Supp. 3d 581, 589 (S.D.N.Y. 2015) (taking judicial notice on motion to dismiss of foreign government records as their accuracy could not reasonably be questioned).

[2] The International Trade Administration, part of the U.S. Department of Commerce, has also acknowledged that "ECIPS information is authoritative."  Subject: Issues and Decision Memorandum For the Final Determination In the Countervailing Duty Investigation of Certain Quartz Surface Products From the People's Republic of China, 84 ITADOC 23760 (citation omitted).

O'Melveny

motion to dismiss); *Mulderrig v. Amyris, Inc.*, No. 19-CV-1765 YGR, 2020 WL 5903844, at *3 (N.D. Cal. Oct. 5, 2020) (taking judicial notice on motion to dismiss of FASB accounting standards); *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1205 (D. Ariz. 2009) (holding on motion to dismiss that "financial accounting standards are the proper subjects of judicial notice.").

Exhibit 11 also is incorporated by reference in the Amended Complaint and in Plaintiffs' Opposition.  *See ATSI Commc'ns, Inc.*, 493 F.3d at 98 (on a motion to dismiss the court may consider "statements or documents incorporated into the complaint by reference.")  The Amended Complaint and the Opposition both cite to the Public Transfer Statement of Hangzhou Canaan, which states, "In accordance with the regulations of Company Law and Accounting Standards for Enterprises No. 36 - Disclosure of Related Parties, the main related parties and association relationships of the Company are as follows," before listing Zhejiang Suanli as a related party.  (Chan Decl. Ex. A at 316; AC ¶¶ 40 n.17; 90 n. 33 (citing Chinese-language version).)  Thus, Exhibit 11 is a document incorporated by reference.  *Marzullo v. Beekman Campanile, Inc.*, 2011 WL 3251507, at *1 (S.D.N.Y. July 22, 2011) (finding document was "properly considered" on motion to dismiss because it was "incorporated by reference" where, although not explicitly referenced in the complaint, it was incorporated in a document referenced in the complaint.)

The Court may take judicial notice of how Exhibit 11 defines "related party," in order to evaluate Plaintiffs' claims about the Public Transfer Statement.  *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *21 (S.D.N.Y. May 29, 2013) (taking judicial notice of definition, as "[w]ithout such a definition, there is no basis to meaningfully review the basis of plaintiff's claims.")  In particular, Plaintiffs argue that, according to the Public Transfer Statement, "Canaan recognized Zhejiang Suanli as a related party because Defendant Kong 'exercised significant influence over' Zhejiang Suanli."  (Opp. at *17, citing Chan Decl. Ex. A.)  But Plaintiffs' assertion ignores what "related party" means in this context.  Defendants provided Exhibit 11 to provide the Court with the definition of the term "related party" as used in the Public Transfer Statement.  That judicially noticeable definition makes clear that Plaintiffs' allegation that Zhejiang Suanli was a related party fails to state a claim as a matter of law.

Plaintiffs do not dispute the existence of this accounting standard or that it is reflected in Exhibit 11.  Instead, Plaintiffs claim that they lacked "reasonable notice" that Defendants might address "Chinese law" on this motion.  However, it was Plaintiffs who first introduced Chinese registration requirements—in particular those for related-party disclosures—in the Amended Complaint, and again in the Opposition.[3]  As the Second Circuit has made clear in analogous contexts, "Plaintiffs can hardly claim ignorance of defendants' disclosures given that their own complaint quotes some of the disclosures."  *Finn v. Barney*, 471 F. App'x 30, 34 (2d Cir. 2012) (finding district court did not abuse its discretion in taking judicial notice of publicly available documents).

---

[3] AC ¶ 90 (discussing the related party transactions required to be disclosed in the Public Transfer Statement);  AC ¶ 39 (referencing "proper disclosures regarding related party transactions" under Chinese law); Opp. at *1 ("Canaan disclosed all of the subject persons and entities as related parties, and one of the related party transactions at issue, in its previous registration statement when it unsuccessfully sought to go public on the Chinese stock market."); Opp. at *2 ("During one of its previous unsuccessful attempts to go public in China in 2017, Canaan disclosed in the recurring related party transaction section of its 2017 registration statement, i.e. "Public Transfer Statement", that Zhejiang Suanli, a company over which Defendant Kong exercised significant influence, purchased RMB 973,333.33 of products from Canaan in January through April 2017."); Opp. at *17, 23 (reiterating disclosure of Zhejiang Suanli as a related party in the Public Transfer Agreement).

O'Melveny

\*     \*     \*

In sum, this Court may properly consider Exhibits 7, 10, and 11 in deciding Defendants' motion to dismiss. Notably, Plaintiffs waited 4 months after Defendants' motion to dismiss (which cited Exhibit 7) was filed, and almost one month after Defendants' reply brief (which cited Exhibits 10 and 11) was filed, to raise any issue regarding these exhibits. The Court should not countenance this attempt at distraction and delay. Nor should Plaintiffs be permitted to address Defendants' reply brief arguments on their merits via their letter motion because Plaintiffs did not seek, and do not have, leave to file a sur-reply. Judge J. Paul Oetken Individual Practices in Civil Cases 2.B. ("Surreply memoranda will not be accepted."). In particular, the Court should not consider Plaintiffs' arguments about the propriety of Exhibit 11, because Plaintiffs were not "unfairly ambush[ed]" by Defendants' introduction of Exhibit 11, which merely provided context for arguments Plaintiffs made in the Amended Complaint and in the Opposition. *GemCap Lending I, LLC v. Mann*, 2019 WL 7945597, at \*5 (C.D. Cal. Oct. 30, 2019) ("a moving party is permitted to rebut arguments raised in an opposition brief by, for instance, providing a fuller context of surrounding facts.").

Furthermore, regardless of whether the Court concludes that these exhibits are judicially noticeable, Plaintiffs provide no basis to convert Defendants' motion to dismiss into a motion for summary judgment. *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 37 (2d Cir. 2012) (holding the court was "entitled to take judicial notice of well publicized [facts] without converting the motion to dismiss into one for summary judgment."); *Ganske v. Mensch*, 2020 WL 4890423 (S.D.N.Y. Aug. 20, 2020) (granting motion to dismiss despite declining to take judicial notice of certain of defendant's exhibits); *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 168 (2d Cir. 2000) (where the court determined materials would not affect the outcome of the case, it "need not decide the propriety of taking judicial notice of such materials"). And Plaintiffs do not identify any evidence that they would expect to elicit through discovery that would refute the facts these exhibits establish.

Finally, Defendants' motion to dismiss does not rise or fall on these exhibits. Even without them, the Court should still find that (i) Mr. Yao's alleged role at Canaan was immaterial as a matter of law because the Amended Complaint simply alleges he received unspecified salary and commissions as a salesperson in an area that accounted for only a fraction of Canaan's revenue, and (ii) Canaan's references to the Zhejiang Suanli purchases in its Chinese filings have no bearing on whether they were required to be disclosed under U.S. federal securities laws.

Thank you for your attention to this matter.

4

O'Melveny

Respectfully submitted,

s/ Daniel L. Cantor

Daniel L. Cantor
Attorney for Defendant Canaan, Inc.

Susanna M. Buergel
Audra J. Soloway
Yahonnes Cleary
Attorneys for Defendants Citigroup Global Markets Inc.,
China Renaissance Securities (Hong Kong) Limited,
Galaxy Digital Partners LLC, Huatai Financing
Holdings (Hong Kong) Limited, Tiger Brokers (NZ)
Limited, and ViewTrade Securities, Inc.

cc:    All counsel of record (via CM/ECF)