UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOLUKA GARMENT CO., LIMITED,
*et al.*,

                                        Plaintiffs,                                        20-CV-7139 (JPO)

                -v-                                                                                    ORDER

CANAAN, INC., *et al.*,

                                        Defendants.

J. PAUL OETKEN, District Judge:

        On July 8, 2021, the Court issued an Opinion and Order dismissing Plaintiffs' first

amended complaint ("FAC") for failing to state a claim.  (Dkt. No. 66.)  Plaintiffs alleged that

Defendants' failure to disclose three related-party transactions violated Section 10(b) and Section

20(a) of the Exchange Act, as well as Section 11 and Section 15 of the Securities Act:  (1)

Canaan's employing Yongjie Yao, who owned 8.8 percent of Canaan's total shares, as a senior

executive; (2) the existence of a "strategic cooperation framework agreement" (the "Grandshores

agreement") between Canaan and Grandshores Technology Group Limited, a company

controlled by Yao ("Grandshores"); and (3) the purchase by a separate company controlled by

two of Canaan's directors of nearly $150,000 worth of Canaan products.  (Dkt. No. 66 at 2–3.)

The Court concluded that the FAC failed to plausibly allege loss causation under the Exchange

Act for the first and third transactions, and that the affirmative defense of negative causation

required dismissal of the Securities Act claims based on these two transactions.  (Dkt. No. 66 at

4–9.)  The Court also held that the second transaction could not support claims under either the

Exchange Act or the Securities Act because the transaction was not material.  (Dkt. No. 66 at 9–

12.)  At the end of the Opinion and Order, the Court invited Plaintiffs to file a letter motion

1

requesting leave to file a second amended complaint ("SAC") and explaining how the SAC

would be consistent with the Court's ruling.

Plaintiffs subsequently filed a letter motion seeking leave to file an SAC (Dkt. No. 67)

and a copy of their proposed SAC (Dkt. No. 67-2).  In their SAC, Plaintiffs bring the same

causes of action, but now these causes of action are based on Defendants' alleged omission of

two transactions instead of three — Yao's employment as a senior executive at Canaan and the

Grandshores agreement.  Defendants, in response, filed a letter in opposition to Plaintiffs'

request for leave to file an SAC.  (Dkt. No. 70.)

Having reviewed the parties' submissions, the Court concludes that the proposed SAC

fails to state a claim.  Plaintiffs still do not plausibly allege loss causation or rebut a negative

causation defense with respect to Yao's alleged position as a senior executive at Canaan.  The

SAC does not contain any allegations of a corrective disclosure about Yao's alleged employment

with Canaan.  In lieu of these allegations, Plaintiffs again contend that this alleged omission was

part of a broader scheme to hide related-party transactions from investors.  But like the FAC, the

SAC does not allege "enough to suggest a sweeping scheme to hide related-party transactions

from investors."  (Dkt. No. 66 at 7.)  Indeed, the SAC removes any reference to one of the

alleged omitted transactions that the FAC put forth as evidence of this scheme.  (*See* Dkt. No.

67-1 at 6–7, 17–18, 42–44.)  The SAC's new allegations, such as Canaan entering into a

cooperation agreement with a different related-party company (*see* Dkt. No. 67-2 ¶ 140–146), are

completely unrelated to Yao and do not support the existence of an overarching fraudulent

scheme.

The SAC also does not plausibly allege the materiality of the Grandshores agreement.

The SAC alleges that Hong Kong securities regulations required Canaan to disclose the

Grandshores agreement and that Grandshores disclosed the agreement to its investors.  (Dkt. No. 67-2 ¶¶ 93–100.)  As this Court previously explained, however, there is no need to delve into whether Canaan had a duty to disclose the agreement if the agreement is not material.  (*See* Dkt. No. 66 at 11–12.)  Whether Grandshores disclosed the agreement to its investors does not affect the Court's prior analysis of the agreement's materiality.  The Grandshores agreement was just a "strategic cooperation framework"; it was non-binding, it did not give rise to any legally enforceable rights or obligations, and its anticipated magnitude was ambiguous.  (*See* Dkt. No. 66 at 11–12.)  "Given the speculative nature of the agreement, no reasonable investor would have 'consider[ed] it important in deciding how to invest.'"  (Dkt. No. 66 at 11 (quoting *S.E.C. v. Thrasher*, 152 F. Supp. 2d 291, 298 (S.D.N.Y. 2001) (cleaned up)).)

Plaintiffs' motion for leave to file a second amended complaint is therefore DENIED as futile, and Plaintiffs' claims are hereby dismissed with prejudice.

The Clerk of Court is directed to close the motion at Docket Number 67 and to close the case.

SO ORDERED.

Dated:  March 31, 2022
        New York, New York

_____
J. PAUL OETKEN
United States District Judge